749 So.2d 269 (1999)
Alger Adam RETHERFORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01342-COA.
Court of Appeals of Mississippi.
September 7, 1999.
*270 Alger Adam Retherford, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before KING, P.J., IRVING, and LEE, JJ.
LEE, J., for the Court:
¶ 1. Alger Adam Retherford entered pleas of guilty to the charges of armed robbery and murder. Retherford challenges his convictions under the post conviction collateral relief act. Retherford filed two pro se motions to set aside conviction and sentencing. Retherford was denied relief by the trial court under his second motion to set aside conviction and sentence. Feeling aggrieved by this decision Retherford filed his pro se brief perfecting his appeal and argues the following issues: (1) whether the trial court erred in denying the motion filed by Retherford as procedurally barred due to a failure to comply with the statute of limitations and res judicata, (2) whether the trial court contravened public policy in denying Retherford's motion to set aside conviction and sentence, (3) whether the trial court denied Retherford a liberty interest, (4) whether the trial court exceeded its statutory authority in sentencing, and (5) whether the trial judge erred in ordering Retherford to pay a three hundred dollar fine for filing frivolous motions. Finding these issues to be without merit, this Court affirms the decision of the trial court.

FACTS
¶ 2. In 1976, Retherford entered pleas of guilty to the charges of armed robbery and murder. Retherford was sentenced to serve a term of 80 years in the Mississippi State Penitentiary at Parchman, Mississippi for the crime of armed robbery, and was sentenced to serve a term of life imprisonment to run consecutively after the sentence imposed for the armed robbery conviction for murder. Although we do not have a copy of the first motion to vacate *271 order of conviction and set aside sentence, the trial judge made a finding of fact in its order overruling motion to vacate and set aside sentence dated July 19, 1994, which indicates that the aforementioned motion was filed July 7, 1994. Additionally, Retherford concedes in his subsequent motion to vacate sentence that he had previously sought relief in the Circuit Court of Pearl River County. Retherford further stated in his subsequent motion that in his first motion he sought relief on the following basis: "(a) the trial court did not advise him of his constitutional right to the privilege against self-incrimination, and (b) the trial court did not advise him of his constitutional right to confront and cross-examine adverse witnesses." In reference to the first motion filed by Retherford the trial court stated the following reasons for dismissing said motion:
(1) Section 99-39-5(2), Mississippi Code of 1972, annotated and amended, requires that in case of a guilty plea, a motion for relief under the Mississippi Uniform Post Conviction Collateral Relief Act must be filed within three (3) years after the entry of the Judgment of Conviction. This court specifically finds that the statute of limitations contained in said statute obviously began to run from the date of enactment of said statute and, therefore, specifically finds that three (3) years have elapsed since said section was enacted, said date said statute became effective being April 17, 1984, and the court finds that this motion was, in fact, filed more than ten years after the enactment of said statute. The court specifically finds that the movant's motion to vacate order of conviction and sentence is barred by the statute of limitations, as set out in Section 99-39-5(2).
(2) The court finds that all of the allegations in said motion are matters which should have been raised on appeal to the Mississippi State Supreme Court.... Further, from close examination of the entire record in this matter, the court finds that said allegations in the motion are not well taken and are contradictory to the transcript of the sworn testimony given by the defendant at his arraignment and sentencing and that said motion plainly appears on its face, because of the prior proceeding in this case, that the movant would not be entitled to any relief, even if this matter were not barred by the statute of limitations.
Although the trial judge held that the motion to set aside conviction and sentence had no merit and was time barred, he did hold that Retherford's argument for reduction of sentence was well taken, and the sentence was reduced from 80 years to 53.9 years. On July 16, 1998, Retherford filed a second pro se motion to vacate and set aside conviction and sentence.
¶ 3. In the motion filed on July 16, 1998, Retherford argued that the "circuit court" committed plain error when exceeding its statutory authority in sentencing under MCA § 99-19-3 (1972) without first securing a legal conviction, and contravened the public policy of Mississippi, as well as Retherford's "right to equal protection and due process of law guaranteed by amendment fourteen to the United States Constitution, and Article III, Section 14 to the Mississippi Constitution of 1890." Retherford elaborated on his argument by contending that his pleas of guilty were unintelligent and involuntary. Additionally, Retherford argued that he was not advised of fundamental constitutional rights, more specifically, Retherford's privilege against compulsory self-incrimination and to confront and cross-examine adverse witnesses. Furthermore, Retherford argued that since his pleas were not made voluntarily and intelligently there was no legal conviction and, therefore pursuant to Mississippi Code Annotated Section 99-19-3 the trial court had no authority to impose a sentence. On August 20, 1998, the court entered an order dismissing the aforementioned motion.
¶ 4. The trial judge followed the logic it had previously enumerated in its aforementioned *272 order in 1994, and held that the successive motion filed by Retherford was procedurally barred under the post conviction collateral relief act. The motion was barred under both the statute of limitations and res judicata. As a result of the second motion, the trial judge determined that said motion was frivolous and Retherford was sanctioned in the sum of three hundred dollars. On September 4, 1998, Retherford filed his motion to appeal in former pauperis and said order was granted.
I. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FILED BY RETHERFORD AS PROCEDURALLY BARRED DUE TO A FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS AND RES JUDICATA.

II. WHETHER THE TRIAL COURT CONTRAVENED PUBLIC POLICY IN DENYING RETHERFORD'S MOTION TO SET ASIDE CONVICTION AND SENTENCE.
III. WHETHER THE TRIAL COURT DENIED RETHERFORD A LIBERTY INTEREST.
¶ 5. The above referenced issues will be addressed together since they all ultimately result in the same disposition. This Court will briefly summarize all of the arguments presented by Retherford in issues one through three. In issue one, Retherford contends that there are exceptions to the procedural time bars, and states, "[f]or example, this Court has repeatedly held that `... if a circuit court exceeds its statutory authority in sentencing and fundamental constitutional rights may be involved, [and] that court has violated one of the defendant's fundamental constitutional rights, the claim will be exempt from the procedural time bar.'" Retherford further argues that this applies to the doctrines of res judicata and collateral estoppel and, therefore, he is not procedurally barred from pursuing his argument. In issue two, Retherford contends that the trial court's disposition of the matter was against the public policy of Mississippi since he was not legally convicted. The trial court exceeded its statutory authority when it imposed a sentence without a legal conviction. In issue three, Retherford contends that since Mississippi Code Annotated Section 99-19-3 contains the word "shall", the circuit court could not impose a sentence without a legal conviction, and, therefore, he was denied a liberty interest. This Court must now determine whether procedural bars under the post conviction collateral relief act are indeed applicable to the case at bar; however, we are faced with an incomplete record for our review on appeal.
¶ 6. In Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995), the trial court held that Ivy, a pro se litigant, was denied a remedy because Ivy had sought relief through an improper form of action. Ivy argued that as a pro se litigant he should not be held to the same standards as represented parties, and the court should have provided a proper remedy. Id. The Mississippi Supreme Court espoused the following standard applicable to pro se litigants from prior case law which states that "[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties." Id. (citing Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss.1987)). However, if a prisoner is seeking post-conviction relief and is proceeding pro se, in the court's discretion, we will "credit not so well pleaded allegations so that a prisoner's meritorious complaint may not be lost because inartfully drafted." Id. In the case at bar, our focus is not primarily on the manner in which the briefs filed by Retherford have been drafted, but, we are faced with the fact that we have received an incomplete record for our review. Retherford has failed to include a copy of his first motion to vacate and set aside conviction and sentence. As the appellant, Retherford had the duty to provide a copy of the record of the trial proceedings wherein error is claimed and brought before *273 this Court. Jackson v. State, 684 So.2d 1213, 1226 (Miss.1996). Without the complete record being before this Court we are not required to make a ruling on the merits of his claim. However, with the facts that have been provided in the record, it is apparent that Retherford is procedurally barred on his successive petition for post conviction relief pursuant to Mississippi Code Annotated Section 99-39-23(6) (Supp.1998) and Section 99-39-5(2) (Supp.1998).
¶ 7. Retherford appears to have raised the same arguments on appeal as those raised in his prior petition for post conviction relief. In the trial court's order dismissing motion to vacate and set aside conviction and sentence filed on August 20,1998, the court made findings of fact as follows:
In this his [Retherford's] second attempt to challenge his conviction on the charge of the armed robbery of Guy Lindsey, Petitioner alleges once again a deprivation of his "fundamental constitutional rights." Specifically, Petitioner alleges:
a) the trial court did not advise him of the privilege against compulsory self-incrimination;
b) the trial court did not advise him of his right to confront and cross-examine adverse witnesses;
c) that his pleas of "guilty" to the charges of armed robbery and murder were, therefore, entered involuntarily and unintelligently; and
d) that this Court committed plain error by accepting Petitioner's guilty pleas on both charges.
Retherford argues that pursuant to the aforementioned arguments and under Mississippi Code Annotated Section 99-19-3 (Supp.1998) he is entitled to the relief sought which is to have his conviction and sentence set aside.
¶ 8. There appear to be no additional contentions made by Retherford in his second petition for post conviction relief. Retherford's first motion was dismissed by the trial judge as being time barred. As aforementioned, Retherford's second motion was denied by the trial judge as time barred and res judicata. "Any such points raised in the application which have been previously litigated and decided at trial or on appeal are res judicata and barred." Edwards v. Thigpen, 433 So.2d 906, 907 (Miss.1983) (citations omitted). Since Retherford argued the same contentions in both petitions and the judge had ruled on the merits as to the first petition, he is now procedurally barred pursuant to the doctrine of res judicata. Our law presumes that the judgment of the trial court is correct, and the appellant has the burden of demonstrating some reversible error to this Court. Pierre v. State, 607 So.2d 43, 48 (Miss.1992). However, when one appeals a matter and is attempting to prove to this Court that the trial court has committed reversible error it must be done within the confines of statutory, case, and procedural law. Retherford failed to follow the mandated procedures and in doing so he is now barred from arguing reversible error by the trial court. In Smith v. State, 434 So.2d 212, 220 (Miss.1983), the Mississippi Supreme Court stated as follows:
The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to "take a bite at the apple." Likewise, the orderly administration of justice does not require this Court to "lead a defendant by the hand" through the criminal justice system. It is this Court's responsibility to provide a meaningful opportunity for defendant to raise his claims and have them adjudicated.
Retherford has been given this opportunity.
¶ 9. The exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls *274 under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court. In Sneed v. State, 722 So.2d 1255, 1256 (Miss. 1998), Sneed had filed two petitions for post-conviction relief. The first petition was denied. Id. Sneed filed a motion to reconsider his post-conviction motion and again it was denied. Id. It was not until after the second denial that Sneed proceeded with the appeal process. Id. The supreme court held that since Sneed failed to file a timely appeal after the first petition was denied his appeal on the successive writ was out-of-time, and he was barred from bringing a successive motion. Id.
¶ 10. Similar to Sneed, Retherford did not pursue an appeal after the court denied his first petition. Since Retherford presented the same arguments in his second petition, he was in effect requesting the trial court to reconsider its prior judgment. When the court failed to reverse its prior decision, Retherford filed his appeal. Just as in Sneed, Retherford's appeal is out-of-time. This Court, therefore, finds that the trial judge was not in error in dismissing Retherford's successive petition as res judicata.
¶ 11. The trial judge also was correct in his holding relative to time-bars being applicable to the case at bar. Retherford's first motion was time barred since it was filed approximately ten years after the passage of Section 99-39-5(2). This statute imposes a three year period and although the act was not in effect at the time of Retherford's guilty pleas, Retherford had three years from the date of the enactment of the statute on April 17, 1984, in which to file a petition for post conviction relief. Jackson v. State, 506 So.2d 994, 995 (Miss.1987). Retherford exceeds this deadline for filing under the statute by approximately seven years. Retherford did not file a petition seeking post-conviction relief until July 7, 1994. In Campbell v. State, 611 So.2d 209, 210 (Miss.1992), the Mississippi Supreme Court noted that Section 99-39-5(2) provides that the time bar would not have originally been imposed if [Retherford] demonstrated that:
(1) there has been an intervening decision of this Court or the U.S. Supreme Court which would have actually adversely affected the outcome of his conviction or sentence,
(2) there is evidence, not reasonably discoverable at time of trial, which, had it been introduced at trial, would have caused a different result in his conviction or sentence, or
[(3) the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.]
The record does not reveal that Retherford asserted any of the aforementioned contentions to overcome the time bar. Neither Retherford's first petition for post-conviction relief nor his subsequent petition would have come within these exceptions and, since Retherford failed to proceed with appellate action after his first petition was denied, his second petition is also time-barred by the three year statute of limitations. The record reveals that the trial judge informed Retherford of his right to a jury; however, it does not reveal that the trial judge notified him of his right to confront and cross-examine witnesses or his right against self-incrimination. Even so, Retherford failed to take timely action on these claims and is now procedurally barred under the post-conviction collateral relief act. Therefore, issues one through three are without merit.

IV. WHETHER THE TRIAL COURT EXCEEDED ITS STATUTORY AUTHORITY IN SENTENCING.
¶ 12. Retherford argues as a fourth assignment of error that the trial judge exceeded its statutory authority under Mississippi Code Annotated Section 99-19-3 when he imposed a sentence, because there was no legal conviction. As previously discussed by this Court in our opinion addressing issues one through three, *275 this argument is procedurally barred and without merit. However, the Mississippi Supreme Court has acknowledged that under certain circumstances when a prisoner argues that a trial court has imposed a sentence for life imprisonment and such sentence exceeds one's life it may be exempt from such procedural bars where it is clear from the record that the circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved. Kennedy v. State, 626 So.2d 103, 105 (Miss.1993). However, in the case at bar, Retherford's argument is without merit.
¶ 13. On July 19, 1994, prior to his appeal to this Court, the trial judge signed an order modifying the sentence imposed on Retherford. The supreme court has stated that a sentence imposed should be "for a definite term reasonably expected to be less than life." Stewart v. State, 372 So.2d 257, 259 (Miss.1979). The trial judge noted this law and modified Retherford's sentence from 80 years to 53.9 years. In Lindsay v. State, 720 So.2d 182, 185 (Miss.1998), the Mississippi Supreme Court stated that sentencing "is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." Reynolds v. State, 585 So.2d 753, 756 (Miss. 1991). See also Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). The modification of Robertson's sentence is within the statutory sentencing guidelines allowed when an individual is guilty of the crime of armed robbery. This Court finds that the trial court did not err and this issue is without merit.

V. WHETHER THE TRIAL JUDGE ERRED IN ORDERING RETHERFORD TO PAY A THREE HUNDRED DOLLAR FINE FOR FILING FRIVOLOUS MOTIONS.
¶ 14. Retherford argues as a fifth assignment of error that the trial court exceeded its statutory authority in assessing a three hundred dollar fine for redundant and frivolous motions because it contravenes Mississippi Code Annotated Section 47-5-138(3)(a) and (b). The pertinent parts of Miss.Code Ann. Section 47-5-138(3)(a) and (b) (Supp.1998) reads as follows:
(a) For the purpose of this subsection, "final order" means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.
(b) On receipt of a final order, the department shall forfeit:
(i) Sixty (60) days of an inmate's accrued earned time if the department has received one (1) final order as defined herein;
(ii) One hundred twenty (120) days of an inmate's accrued earned time if the department has received two (2) final orders as defined therein;
(iii) One hundred eighty (180) days of an inmate's accrued earned time if the department has received three (3) or more final orders as defined herein.
The aforementioned subsection was added in 1996, and while forfeiture of time has become an additional option which a trial judge may exercise in imposing sanctions for frivolous motions, the trial judge may also impose monetary sanctions. In Kennedy v. State, 732 So.2d 184, 187 (Miss. 1999), Kennedy had been assessed a $250 fine by the trial court for the filing of a frivolous motion and the Mississippi Supreme Court upheld the monetary sanctions imposed by the trial judge. In the case at bar, the trial court assessed Retherford costs of $300 for filing the post conviction motion that is the subject of this appeal. The Mississippi Supreme Court has held that appropriate sanctions may be imposed upon pro se litigants. Ivy v. State, 688 So.2d 223, 224 (Miss.1997); Roland v. State, 666 So.2d 747, 751-52 (Miss. 1995). These sanctions may take the form of monetary sanctions, as well as appropriate *276 restrictions on future filings. Id. This Court likewise finds this argument to be without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DENYING BOTH PETITIONS FOR POST-CONVICTION RELIEF ARE AFFIRMED. ALL COSTS OF THESE APPEALS ARE TAXED TO PEARL RIVER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.