CHANDLER, J., for the Court.
¶ 1. Robert Earl Scott appeals from the alleged denial of his petition for writ of habeas corpus in the Coahoma County Circuit Court. Aggrieved, Scott argues that his plea of guilt was not given voluntarily, knowingly or understandingly. Finding that we do not have jurisdiction to hear this issue, the appeal is dismissed.
FACTS
¶ 2. Robert Scott was indicted by the Coahoma County grand jury on two counts for the sale of cocaine. Scott pleaded not guilty and the case went to trial. During the trial, before the jury began its deliberations, Scott approached the judge and requested to change his plea to guilty. The trial judge conducted a thorough plea hearing, concluded that Scott’s plea was voluntarily, knowingly and intelligently made, and sentenced him to ten years on each count, five years suspended, each to run concurrently.
¶ 3. Scott filed a motion for post-conviction relief, arguing that his guilty plea was not voluntary and that the two sentences were indefinite. The circuit court addressed Scott’s arguments and denied his motion for relief on March 9, 2001. Scott never filed a notice of appeal from the trial court’s denial of relief. Rather, on April 23, 2001, Scott filed a second motion for post-conviction relief entitled “petition for writ of habeas corpus post-conviction collateral relief made pursuant to Miss.Code Ann. § 99-39-5 (1972)” in the same trial court; it is not clear from the record whether the trial court ruled on the petition. On July 27, 2001, Scott filed a notice of appeal from the trial court’s alleged denial of the petition for habeas corpus.
LAW AND ANALYSIS
¶ 4. Scott petitioned the trial court for habeas corpus relief after it denied his motion for post-conviction relief. He now appeals, arguing that the trial court erred when it determined that his plea of guilt had been voluntary and dismissed his petition for habeas corpus. However, there is nothing in the record to show that the trial court rendered a judgment on Scott’s petition for habeas corpus. In order to address the merits of Scott’s claim, we must have subject matter jurisdiction. We find that we lack the requisite jurisdiction; therefore, Scott’s appeal is dismissed.
¶ 5. The Mississippi Uniform Post Conviction Collateral Relief Act is the le *644 gal remedy for claims by prisoners who contend their pleas were involuntary. Miss.Code Ann. § 99-39-5(l)(f) (Supp. 2001). Upon denial or dismissal of post-conviction claims, the Mississippi Rides of Appellate Procedure require that “the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days after the date of entry of judgment or order appealed from.” M.R.A.P. 4(a). See also Miss.Code Ann. § 99-39-25 (Supp.2001). Therefore, in order to perfect an appeal to the Mississippi Supreme Court from the denial or dismissal of post-conviction relief there must be (1) a final judgment or order, and (2) the appeal must fall within thirty days after its entry.
¶ 6. Scott claims that his appeal derives from the trial court’s denial of his habeas corpus petition; however, there is no evidence of a final judgment on the petition. As we have stated many times, the appellant has the obligation of ensuring this court is presented with a complete record. Jackson v. State, 684 So.2d 1213, 1226 (Miss.1996); Garrette v. State, 763 So.2d 177, 181 (¶ 22) (Miss.Ct.App.2000). Scott was obligated to furnish the date of the final judgment from which he appeals. Without proof of a final judgment or order, this Court lacks jurisdiction over the claim on appeal.
¶ 7. Moreover, had the trial court rendered a final judgment on Scott’s habe-as corpus petition, this court would not have had jurisdiction over the appeal. Scott’s petition for habeas corpus relief was merely a second motion for post-conviction relief under Miss.Code Ann. § 99-39-5 (Supp.2001). See Grubb v. State, 584 So.2d 786, 788 (Miss.1991) (noting that the Post-Conviction Collateral Relief Act “supplants the prior statutory and rule versions of the writ of habeas corpus”). Section 99-39-23(6) declares that, with a few exceptions, “any ordgr dismissing the prisoner’s motion or otherwise denying relief under this article is a final judgment and shall ... be a bar to a second or successive motion under this article.” Miss.Code Ann. §§ 99-39-23(6) (Supp.2001). None of the listed exceptions are present in Scott’s second motion for relief. See Clay v. State, 792 So.2d 302, 304 (¶ 7) (Miss.Ct. App.2001). Therefore, neither this court nor the trial court had jurisdiction over Scott’s second petition for post-conviction relief.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS ARE ASSESSED TO COAHO-MA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.