ISHEE, J„
for the Court.
¶ 1. On August 5, 2003, Robin Coleman pled guilty in the Lauderdale County Circuit Court in two cases of forgery. The court sentenced him to two fifteen year sentences with both fifteen year sentences suspended and five years’ probation. After Coleman was again charged with forgery, his probation was modified and he was placed in the restitution program on April 29, 2004. At a probation hearing on August 31, 2004, Coleman’s probation was revoked for failing to comply with the requirements of the restitution program. He entered a third guilty plea on September 29, 2004, and received a five-year sentence with four years and 364 days suspended. He then filed motions for post-conviction relief, which the court granted in part and denied in part. Aggrieved, Coleman appeals. Finding no error, we affirm.
FACTS
¶ 2. Robin Coleman was originally indicted for forgery in two cases: the first for eight counts of forgery and the second for five counts of forgery. He appeared before the Lauderdale County Circuit Court on August 5, 2003, and pled guilty to Count I in each case. The court accepted a plea bargain and Counts II through V in the first case and Counts II through VIII in the second case were declared nolle prosequi. For pleading guilty to the two counts of forgery, the court sentenced Coleman to two concurrent fifteen-year sentences with the two fifteen-year sentences suspended and five years’ probation.
¶3. On April 29, 2004, Coleman was returned to court because of five new indictments for forgery. Coleman admitted violating his probation by committing these subsequent forgeries. Instead of revoking his probation, however, the court modified it and ordered Coleman to enter and successfully complete the Restitution Center program. This included paying the total amount of restitution owed for his forgeries. Based on this modification to Coleman’s probation, the new indictments *640 were conditionally declared nolle prosequi. At each of the above proceedings, Coleman was represented by appointed counsel.
¶ 4. Coleman was again before the court on August 31, 2004, for a hearing to revoke his probation. The State alleged that he had violated the terms of his probation by losing his job with the restitution program and by cashing one of his checks instead of making his scheduled restitution payment. The court did not appoint counsel for Coleman at his revocation hearing because it found' that Coleman was not being tried for any new felonies and the proceeding involved no complex issues. After hearing from the director of the restitution center and from Coleman, the court revoked Coleman’s probation and ordered him to serve the two concurrent fifteen-year sentences that had previously been suspended.
¶ 5. Following the initial guilty plea and the events that led to the revocation of Coleman’s probation, Coleman was indicted in August 2004 for five more counts of forgery. On September 29, 2004, he again pled guilty before the Lauderdale County Circuit Court as part of another plea agreement. In exchange for pleading guilty to Count I, Coleman received a five-year sentence with four years and 364 days suspended, and the State dismissed Counts II through V.
¶ 6. Coleman filed two motions for post-conviction relief regarding his convictions and sentences: the first regarding his August 2003 guilty pleas and two fifteen-year sentences and the second regarding his September 2004 guilty plea and five-year sentence with one day to serve. In addition to the claims asserted in this appeal, Coleman argued in his motion concerning his 2003 plea that his sentence was illegal under Mississippi Code Annotated section 97-21-33 (Rev.2006), which had been amended prior to his sentencing to provide for a maximum ten years in prison for uttering forgery, whereas he was sentenced to fifteen years. The trial court agreed and found that the statute had indeed been amended after Coleman’s indictment and prior to his sentencing. It amended Coleman’s original fifteen year sentences to two ten-year sentences to run concurrently. The court found no merit in the remaining issues presented by Coleman in his motions. Furthermore, the court found that the motion for post-conviction relief concerning his September 2004 guilty plea was frivolous and ordered that Coleman forfeit sixty days accrued jail time.
¶ 7. Coleman’s, appeals from the denial of his motions are now consolidated before this Court. He asserts the following issues:
I. Whether his guilty plea was knowing, voluntary, and intelligent.
II. Whether he received ineffective assistance of counsel.
III. Whether the revocation of his probation was unlawful.
IV. Whether the court erred by denying his motion for post-conviction relief without an evidentiary hearing.
V. Whether the court erred by dismissing his motion for post-conviction relief as frivolous and ordering forfeiture of sixty days accrued time.
STANDARD OF REVIEW
¶ 8. We will not reverse the denial of a motion for post-conviction relief by a trial court absent a finding that the trial court’s ruling was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶8) (Miss.1999).
ISSUES AND ANALYSIS
I. Whether Coleman’s plea was knowing, voluntary, and intelligent.
*641 ¶ 9. Coleman asserts that his plea was not voluntary, knowing, and intelligent because he did not know that the actual maximum penalty for forgery was ten years and not fifteen years, which is what the lawyers and judges told him and for which he was sentenced. He claims that the severity of the fifteen-year sentence convinced him to take the plea deal for suspended time, and that if he had known it was a ten-year maximum sentence he would have gone to trial.
¶ 10. “It is the duty of the trial court to inquire and determine ... [t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law.” Uniform Rules of Circuit and County Court Rule 8.04(A)(4)(b). Nevertheless, where a defendant alleges his plea was involuntary, automatic invalidation of a guilty plea is not the rule in Mississippi. Gaskin v. State, 618 So.2d 103, 108 (Miss.1993). The defendant has the burden to prove by a preponderance of the evidence that a guilty plea was made involuntarily. Fields v. State, 840 So.2d 796, 798(¶4) (Miss.Ct.App.2003); Baker v. State, 358 So.2d 401, 401 (Miss.1978). “The failure to inform a defendant of a minimum sentence will not result in vacating the sentence where it appears beyond a reasonable doubt that the plea would have been entered even if the minimum sentence were known.” Gibson v. State, 641 So.2d 1163, 1166 (Miss.1994) (citing Smith v. State, 636 So.2d 1220, 1226 (Miss.1994)).
¶ 11. Mississippi Code Annotated section 99-19-33 (Rev.2000) provides as follows:
If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.
Under this statute, where the statutory penalty for a crime is lessened between the time of the commission of the crime and sentencing, it is proper to apply the lesser sentence. Daniels v. State, 742 So.2d 1140, 1145(1117) (Miss.1999). Such an error in sentencing allows for reversal of the punishment portion of the judgment. West v. State, 725 So.2d 872, 881(¶30) (Miss.1998). Furthermore, an excessive sentence should be corrected by amendment of the invalid sentence, not by discharge of the prisoner. Gulley v. State, 870 So.2d 652, 655(¶ 6) (Miss.2004) (citing Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947)).
¶ 12. The trial court found that Coleman’s sentence, as originally imposed, was illegal and amended it to ten years instead of fifteen years. Coleman’s argument that he was induced to plead guilty because of a possible fifteen-year sentence is misleading. He faced not only the two charges to which he pled guilty, but also another eleven charges that the trial court dismissed as a result of the plea bargain. While it is true there was a five-year difference in the original sentence and the correct sentence, it must also be noted that, even under the current sentencing provision, Coleman would have faced a possible 130 years in jail for the thirteen total charges had he decided to go to trial. He did not plead guilty merely to get a ten or fifteen-year suspended sentence but also to avoid being tried on all thirteen of the forgery charges for which he was indicted.
*642 ¶ 13. While Coleman argues that his attorney affirmatively misstated the maximum sentence in order to induce him to plead guilty, he offers no evidence to support his argument. Furthermore, in-its order denying post-conviction relief, the court repeatedly noted that it was an inadvertent failure of the court, the district attorney, and defense counsel to realize the change in the maximum sentence. The amended section 97-21-38 came into effect on July 1, 2003, which was after Coleman was indicted but before he pled guilty on August 5, 2003. Since Coleman was indicted under the old statute, and the amended version was in effect for only a month, it was not error for the trial court to find that it was inadvertence, and not misrepresentation, to proceed under the old sentence.
¶ 14. There was nothing further to suggest that Coleman did not enter his plea knowingly and voluntarily. At his plea hearing he responded in the affirmative when questioned whether he understood the charges, the elements of the charge and whether his plea was knowing and voluntary. He also told the judge that he did not believe anyone was trying to trick him or manipulate him to make a guilty plea. Coleman entered a valid plea; however, he was given an invalid sentence. The court properly applied section 99-13-19 and addressed the error in sentencing by amending Coleman’s sentence to ten years. He was in no way prejudiced, and he ultimately received a lesser sentence than what he expected. This issue is without merit.
II. Whether Coleman received effective assistance of counsel.
¶ 15. To prevail on a claim of ineffective assistance of counsel an appellant must show (1) that counsel’s performance was deficient and (2) that the deficiency in counsel’s performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Mississippi Supreme Court adopted this test in Stringer v. State, 454 So.2d 468, 476-79 (Miss.1984). Under the first prong, counsel’s conduct is presumed to fall within a wide range of reasonable professional assistance, and the appellant has the burden to overcome it. Strickland, 466 U.S. at 686, 104 S.Ct. 2052 (1984). There is also a presumption that decisions made by counsel are strategic. Leatherwood v. State, 473 So.2d 964, 968-69 (Miss.1985). Under the second prong, the defendant must show a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Mohr v. State, 584 So.2d 426, 430 (Miss.1991).
¶ 16. Coleman cites Teague v. Scott, 60 F.3d 1167, 1171 (5th Cir.1995), for the proposition that “[flailing to properly advise the defendant of the maximum sentence he could receive falls below the objective standard required by Strickland.” Defense counsel in Teague allegedly advised the defendant that the maximum sentence at trial would be twenty years, when in fact the defendant could and did receive ninety-nine years. Id.
¶ 17. Teague differs significantly from the present case. Coleman was advised that the maximum sentence for his thirteen counts of forgery was fifteen years each, for a total of 195 years. Actually, the amended statute provided for a sentence of ten years, which would total 130 years for all thirteen counts. Coleman, nevertheless, received a suspended sentence and faced no jail time. We cannot say, but for counsel’s failure to advise Coleman of the amended sentence, that Coleman would have chosen to proceed to trial for thirteen counts of forgery when he in fact received a very favorable plea agreement under either sentencing *643 scheme. Even assuming deficient performance on the part of defense counsel, it is unlikely the outcome of the case would have been different. Therefore, Coleman has failed to meet the requirements of Strickland to prove ineffective assistance of counsel. This issue is without merit.
III. Whether the revocation of Coleman’s probation was unlawful.
¶ 18. A revocation hearing requires only evidence that the defendant more than likely violated the terms of his probation. State v. Oliver, 856 So.2d 328, 332(119) (Miss.2003) (citing Wallace v. State, 607 So.2d 1184, 1190 (Miss.1992)). The rules of evidence at a revocation hearing are relaxed to allow the introduction of evidence that may not be admissible at trial. Id.; Williams v. State, 409 So.2d 1331, 1332 (Miss.1982) (citing Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).
¶ 19. A defendant does not have an absolute right to appointed counsel at a probation revocation hearing. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990); Lassiter v. Dep’t of Soc. Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (citing Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Whether a defendant should be appointed counsel must be determined on a case-by-case basis. Gagnon, 411 U.S. at 790, 93 S.Ct. 1756. Cases that are not complex or difficult do not require counsel to be appointed. Id. at 790-91, 93 S.Ct. 1756.
¶20. The State put on evidence that Coleman violated the terms of his probation by improperly cashing a check that he was required to send to the Restitution Center and then getting fired from his job. As a matter of fact, this was Coleman’s second chance to turn things around. His probation could have properly been revoked when he was earlier charged with forgery while on probation. Instead the court modified his probation and placed him in the Restitution Center, which he was required to complete so as to avoid having his probation revoked.
¶ 21. Under Riely and Gagnon, the failure of the court to appoint counsel for Coleman is not in error. The court found that the issues presented were not complex nor difficult, and it noted that the hearing did not involve any new felonies. Coleman admitted violating the terms of his probation; therefore, it was properly revoked. This issue is without merit.
IV. Whether the court erred by denying Coleman’s motion for post-conviction relief without an evi-dentiary hearing.
¶ 22. The trial court is not required to grant an evidentiary hearing for every motion for post-conviction relief. McMillian v. State, 774 So.2d 454, 456(¶ 6) (Miss.Ct.App.2000). Mississippi Code Annotated section 99-39-19(1) (Rev.2000) provides that it is within the judge’s discretion to determine whether an evidentia-ry hearing is required prior to ruling on a motion for post-conviction relief. If an evidentiary hearing is not necessary, “the judge shall make such disposition of the motion as justice shall require.” Miss. Code Ann. § 99-39-19(1). To obtain an evidentiary hearing in the lower court on the merits of an ineffective assistance of counsel claim, a defendant must state “a claim prima facie” in his application to the court. Read v. State, 430 So.2d 832, 841 (Miss.1983). To get a hearing “he must allege ... with specificity and detail” that his counsel’s performance was deficient and that the deficient performance prejudiced the defense. Perkins v. State, 487 So.2d 791, 793 (Miss.1986); Knox v. State, 502 So.2d 672, 676 (Miss.1987).
*644 ¶ 23. It is not error for the trial court to deny an evidentiary hearing for a post-conviction relief motion when the defendant does not submit any affidavits besides his own or any evidence to support his claims. Dearman v. State, 910 So.2d 708, 710— 11(116) (Miss.Ct.App.2005); Hardiman v. State, 904 So.2d 1225, 1226(¶ 7) (Miss.Ct.App.2005); Jennings v. State, 896 So.2d 374, 378(¶ 20) (Miss.Ct.App.2004).
¶ 24. The trial court found that Coleman’s allegations in his motions for post-conviction relief were entirely without merit. It issued a lengthy and detailed order addressing each of Coleman’s points of error, not only denying each of them but also finding them to be frivolous. Under McMillian, the judge was not required to grant an evidentiary hearing. It was within the judge’s discretion to determine whether the issues presented warranted an evidentiary hearing. Finding that they did not, he properly considered them and issued an order denying them. Coleman also failed to provide any supporting evidence or affidavits indicating that there were any issues that would warrant an evidentiary hearing. This issue is without merit.
V. Whether the court erred by dismissing Coleman’s motion for post-conviction relief as frivolous and ordering forfeiture of sixty days accrued time.
¶ 25. Under Mississippi Code Annotated section 47-5-138 (Rev.2004), the court may order a defendant to forfeit time served for filing a frivolous lawsuit. This section applies to a pro se litigant who files a motion for post-conviction relief equally as it does to a party represented by counsel. Dock v. State, 802 So.2d 1051, 1056(¶ 11) (Miss.2001) (citing Retherford v. State, 749 So.2d 269, 275(¶ 14) (Miss.Ct.App.1999)). We review a trial court’s determination that a motion is frivolous under an abuse of discretion standard. Id. (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999)).
¶ 26. We are not convinced by Coleman’s argument that the trial court abused its discretion by finding his motion to be frivolous. The court ordered the motion for post-conviction relief dismissed as frivolous because there was no newly discovered evidence as Coleman claimed. Furthermore, Coleman stated at his plea hearing that he was satisfied with the performance of his counsel. Facing forgery charges as a habitual offender, Coleman received a five-year sentence with four years and 364 days suspended, which meant he would spend only a day in jail. We do not find that it was an abuse of discretion for the trial court to find Coleman’s motion was frivolous and order a forfeiture of sixty days accrued time. This issue is without merit.
¶ 27. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IN CAUSE NO. 2006-CP-1089, DISMISSING POST-CONVICTION RELIEF IN CAUSE N0.2006-CP-1090, AND DENYING POST-CONVICTION RELIEF IN CAUSE N0.2006-CP-1091 IS AFFIRMED. ALL COSTS OF THESE APPEALS ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND CARLTON, JJ„ CONCUR. IRVING AND ROBERTS, JJ., NOT PARTICIPATING.