990 So.2d 262 (2008)
James Dwight LYONS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KP-01297-COA.
Court of Appeals of Mississippi.
August 26, 2008.
James Dwight Lyons, pro se.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Following an indictment for possession of cocaine, the Circuit Court of Pontotoc *263 County revoked James Lyons's probation. Thereafter, the circuit court denied Lyons's motion for post-conviction relief, in which Lyons argued that his probation was wrongfully revoked. He then filed a second motion styled as a motion for habeas corpus relief. The circuit court treated the habeas petition as a motion for post-conviction relief and summarily denied it as a successive writ. Aggrieved, Lyons appeals and asserts three issues:
I. Lyons's due process rights were violated when the circuit court revoked his probation though he did not violate his release and was not convicted of any crime.
II. The circuit court erred in summarily denying Lyons's motion for post-conviction relief without an evidentiary hearing.
III. The circuit court erred in denying Lyons's petition for habeas corpus relief because it asserted issues not present in his first motion and because his constitutional rights were violated.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On April 10, 2003, Lyons pleaded guilty to Count I, sale of a controlled substance, and Count II, conspiracy to sell cocaine. On Count I, the Circuit Court of Pontotoc County sentenced Lyons to twenty years in the custody of Mississippi Department of Corrections and placed Lyons in the Regimented Inmate Discipline (RID) program. Upon completion of the RID program, Lyons was to be released on supervised probation for five years. On Count II, the circuit court sentenced Lyons to ten years, which the court suspended.
¶ 4. According to the indictment in the record, Lyons was later arrested on September 17, 2004, for possession of cocaine. Lyons was then indicted by a grand jury for possession of cocaine. Following Lyons's indictment, the State filed a petition to revoke Lyons's probation, and a hearing on the matter was held. Lyons was not represented by counsel at the hearing, but the circuit court, nevertheless, proceeded with the hearing. The circuit court found that the indictment for possession of cocaine was sufficiently convincing of the fact that Lyons had violated the terms of his probation. The circuit court revoked Lyons's probation and ordered him to serve fifteen years of his original sentence, with five years suspended and five years of post-release supervision.
¶ 5. Following the revocation of his probation, Lyons filed a motion for post-conviction relief on September 6, 2005, in which he argued that his probation was unlawfully revoked, that he was entitled to be represented by counsel at the revocation hearing, and that his sentence following revocation of his probation exceeded the time allowed by statute. The circuit court denied Lyons's motion, finding that there need not be a conviction to revoke his probation and that it was more than likely that Lyons had violated the terms of his probation. Lyons did not appeal from the circuit court's denial of his motion for post-conviction relief. Instead, on May 4, 2007, Lyons filed a motion for habeas corpus relief, alleging that the original indictment was defective and again claiming his sentence exceeded the time allowed by statute. On June 25, 2007, the circuit court summarily denied Lyons's habeas petition, treating it as a second motion for post-conviction relief. The circuit court, therefore, found that the petition was barred as a successive writ. From this denial of his habeas petition, Lyons timely appealed.

STANDARD OF REVIEW
¶ 6. In reviewing a trial court's denial of post-conviction relief, this Court will *264 not disturb the trial court's findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, where questions of law are raised, our review is de novo. Id.

ANALYSIS OF THE ISSUES
¶ 7. Lyons asserts three issues on appeal. He claims the circuit court erred by (1) revoking his probation when he was not convicted of another crime, (2) failing to grant him an evidentiary hearing, and (3) denying his petition for habeas corpus relief on the ground that it was barred as a successive writ. We only address Lyons's second and third issues because we find them to be dispositive of his appeal.
¶ 8. We first look to the Post-Conviction Relief Act, which provides guidance concerning post-conviction-relief motions. Mississippi Code Annotated section 99-39-5(1)(g) (Rev.2007) provides that an inmate who claims that his probation, parole, or conditional release was unlawfully revoked may file a post-conviction-relief motion. However, under Mississippi Code Annotated section 99-39-23(6) (Rev.2007), an inmate is barred from filing a second or successive motion for post-conviction relief if he had previously filed a post-conviction-relief motion that was denied by the trial court.
¶ 9. In the present case, Lyons filed a motion for post-conviction relief in 2005, which the circuit court considered and denied. Lyons never appealed from the denial of his post-conviction-relief motion. Instead, Lyons waited until 2007 and filed a petition for habeas corpus relief. Despite Lyons's styling the motion as a habeas petition, the circuit court properly treated it as a second post-conviction-relief motion and denied relief. See Grubb v. State, 584 So.2d 786, 788 (Miss.1991); Scott v. State, 817 So.2d 642, 644(¶ 7) (Miss.Ct.App.2002). In Grubb, the supreme court stated that "[b]y reason of Miss.Code Ann. § 99-39-3(1) and § 99-39-5(1)(g) (Supp.1990), the habeas petition must be treated as a petition for post-conviction relief filed pursuant to the Post-Conviction Relief Act." Grubb, 584 So.2d at 788 (citing Harden v. State, 547 So.2d 1150, 1150 (Miss.1989)).
¶ 10. In its order denying Lyons's motion, the circuit court found the motion to be procedurally barred as a successive writ pursuant to section 99-39-23(6). Lyons now argues that his post-conviction-relief motion should not be barred as a successive writ because section 99-39-23(6) specifically excepts from the procedural bar those post-conviction-relief motions in which an inmate "claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked."
¶ 11. Notwithstanding Lyons's argument on appeal, he did not raise the issue before the trial court in his habeas petition. This alone is sufficient to bar our consideration of the issue. See Miss.Code Ann. § 99-39-21(1) (Rev.2007). However, Lyons's claim is additionally barred because he asserted the same claim in his first post-conviction-relief motion, which the circuit court denied, and from which he never appealed.
¶ 12. While section 99-39-23(6) does contain an exception for an inmate whose probation was unlawfully revoked, Lyons initially asserted the same claim in his first post-conviction-relief motion. The circuit court addressed the issue when it entered an order denying Lyons's first post-conviction-relief motion. Section 99-39-23(6) provides that "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or *265 successive motion under this article." The circuit court's order denying Lyons's first petition for post-conviction relief was a final judgment from which he did not file an appeal. The circuit court's findings in that order are, therefore, conclusive.
¶ 13. Notwithstanding Lyons's claim that section 99-39-23(6) provides an exception to its successive writ bar, Lyons's probation was revoked at the time he filed his first post-conviction-relief motion. He argued in his first motion that the revocation of his probation was unlawful. We do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided. To the contrary, we have previously stated, "[t]he exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court." Retherford v. State, 749 So.2d 269, 273-74(¶ 9) (Miss. Ct.App.1999).
¶ 14. Ultimately, Lyons argued the same issue in his first post-conviction-relief motion, and it was denied. He has not had any probation revoked since the order denying his first motion became final; therefore, he does not have a new claim that his probation was unlawfully revoked. Furthermore, Lyons asserts no other issues that would allow him to avoid application of the procedural bar.
¶ 15. Lyons also was not entitled to an evidentiary hearing regarding his motion. Mississippi Code Annotated section 99-39-11(2) (Rev.2007) allows a judge to dismiss a post-conviction-relief motion if it is plain from the face of the motion, any annexed exhibits, and any prior proceedings in the case that the movant is not entitled to relief. As shown, it was clear from the face of Lyons's habeas petition that he was not entitled to relief.
¶ 16. Not only was Lyons's petition barred as a successive writ, but his claim that his probation was unlawfully revoked is also barred by res judicata. Further, Lyons's argument is procedurally barred due to his failure to raise the issue for the trial court to consider. Accordingly, we find that the circuit court properly denied Lyons's second motion for post-conviction relief without an evidentiary hearing. We find Lyons's issues to be without merit, and we affirm the circuit court's order denying relief.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.