# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00984-COA

**DAMION D. RAIFORD A/K/A DAMION DARRIONTAE RAIFORD A/K/A DAMION DARRENTAE RAIFORD A/K/A DAMION RAIFORD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:                 06/05/2015
TRIAL JUDGE:                              HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        DAMION D. RAIFORD (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED MOTION FOR POST-CONVICTION COLLATERAL RELIEF
DISPOSITION:                          AFFIRMED: 09/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Damion Raiford appeals the dismissal of his motion for post-conviction collateral relief (PCCR).  He argues that his probation was wrongfully revoked.

¶2.    Raiford was arrested in June 2012 and charged with armed robbery.  Raiford was previously convicted of burglary of a dwelling in January 2012 and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections.  This sentence was suspended, and Raiford received three years of reporting probation.  Upon Raiford's arrest

for armed robbery, his field officer filed a petition to revoke probation. Raiford's probation was subsequently revoked on August 14, 2012.

¶3. The grand jury returned a no true bill for the armed-robbery charge in January 2013. Raiford filed his first PCCR motion in May 2013 and claimed that his probation should be reinstated because the grand jury did not indict him on the armed-robbery charge. This motion was denied by the circuit court in September 2013. Raiford failed to appeal this denial.

¶4. In May 2015, Raiford filed a "Rule 60B Motion to Reinstate Probation that Was Unlawfully Revoked," which the circuit court treated as a motion for PCCR. The circuit court dismissed the motion as successive due to Raiford's assertion of the same claims in the previous motion for PCCR. Raiford now appeals.

STANDARD OF REVIEW

¶5. "A circuit court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous." *Morris v. State*, 66 So. 3d 716, 719 (¶13) (Miss. Ct. App. 2011). But "when issues of law are raised, the proper standard of review is de novo." *Id.*

ANALYSIS

¶6. Raiford asserts that his probation was unlawfully revoked, as he was never indicted for the armed-robbery charge. However, we hold that the circuit court properly dismissed this motion as a successive writ. Miss. Code Ann. § 99-39-23(6) (Rev. 2015).

¶7. "[A]n inmate who claims that his probation . . . was unlawfully revoked may file a

2

[PCCR] motion." *Lyons v. State*, 990 So. 2d 262, 264 (¶8) (Miss. Ct. App. 2008). "[U]nder Mississippi Code Annotated section 99-39-23(6)[], an inmate is barred from filing a second or successive motion for post-conviction relief if he had previously filed a [PCCR] motion that was denied by the trial court." *Id.*

¶8. Raiford filed his first PCCR motion on May 16, 2013. An order denying relief was filed on September 20, 2013; Raiford did not appeal this order. Instead, he waited two years and filed another PCCR motion on May 14, 2015. This motion was dismissed as a successive writ on June 8, 2015.

¶9. It is true that Mississippi Code Annotated section 99-39-23(6) "contain[s] an exception for an inmate whose probation was unlawfully revoked[.]" Raiford made this same claim regarding the revocation of his probation in the first PCCR motion. The circuit court addressed the probation issue in its first order. Mississippi Code Annotated section 99-39-23(6) states that "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." The order denying Raiford's first PCCR motion "was a final judgment from which he did not appeal. The circuit court's findings in that order are, therefore, conclusive." *Lyons*, 990 So. 2d at 265 (¶12). This Court has held that

> we do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided. To the contrary, we have previously stated, "the exceptions under Mississippi Code Annotated [s]ection 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court."

*Id.* at (¶13) (quoting *Retherford v. State*, 749 So. 2d 269, 273-74 (¶9) (Miss. Ct. App. 1999)). The supreme court recently found this "reasoning to be sound" when it held that an inmate's "second post-conviction challenge to the same revocation decision that he attacked in his first motion for [PCCR] was barred as a successive pleading under [s]ection 99-39-23(6)." *Fluker v. State*, 170 So. 3d 471, 475 (¶10) (Miss. 2015).

¶10.   Raiford argued the same issue in both of his PCCR motions. The order denying his first motion became final when Raiford failed to appeal. No new claim exists regarding the revocation of Raiford's parole, and he asserts no other errors. Therefore, Raiford's PCCR motion was properly found barred as a successive pleading.

¶11.   **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**