# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00103-COA

**JEFFERY RAMSEY A/K/A JEFFERY E. RAMSEY, JR. A/K/A JEFFERY EMILE RAMSEY A/K/A JEFFERY EMILE RAMSEY, JR.**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/2021 |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT | JEFFERY RAMSEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/15/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On June 16, 2021, Jeffery E. Ramsey, Jr. filed a motion for post-conviction collateral relief (PCR) in the Circuit Court of Harrison County, Mississippi, in which he argued that his parole had been unlawfully revoked. On December 17, 2021, the circuit court dismissed the PCR as a successive motion pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2020). Ramsey appeals that decision.

## FACTS AND PROCEDURAL HISTORY

¶2.     On April 8, 2019, Ramsey entered pleas of guilty to three separate charges of felony driving under the influence (fourth or subsequent offense). He was sentenced in case

numbers B2402-2017-299, B2403-2018-103, and B2402-2018-132 to ten years in the custody of the Mississippi Department of Corrections (MDOC) in each case, with each sentence set to run consecutively for a total of thirty years. The circuit court ordered that the first six and one-half years were to be served incarcerated, with the remaining twenty-three and one-half years suspended. The court ordered Ramsey to be placed on post-release supervision for five years upon release from incarceration. Ramsey was paroled on this sentence on July 23, 2019, but was arrested for a new DUI (fourth offense or subsequent) on October 5, 2019. Ramsey contends that he was held in the Harrison County Adult Detention Center until October 23, 2019, at which time he was returned to the custody of the MDOC. According to Ramsey, he had a meeting/hearing with one member of the parole committee on November 1, 2019. Ramsey's parole was revoked as a result; however, he stated, under oath that he never admitted to having committed any crimes and was never asked if he had been convicted of the new charge. In his sworn motion, Ramsey maintained that he was never convicted of the October 5, 2019 charge and was paroled "back out to the pending detainer charge" on June 8, 2020.[1]

¶3.     In his PCR motion, Ramsey claims that his due process rights were violated in various ways. He argues that his parole was illegally revoked because he had not been "convicted of

---

[1] The record on appeal shows that at the time Ramsey filed this sworn motion contending that he had not been convicted of the new charge, he had already pled guilty to felony DUI (fourth or subsequent offense) as a habitual offender on January 20, 2021, and was awaiting sentencing on the conviction arising from that October 5, 2019 charge. Pursuant to our records in appeal number 2021-TS-00897-COA, Ramsey was sentenced for this conviction on July 23, 2021, to serve a term of ten years in the custody of MDOC as a habitual offender.

2

a felony" at the time of the revocation. Citing Mississippi Code Annotated section 47-7-27 (Supp. 2018), Ramsey argues that he must have been "convicted" of a felony before his parole could be revoked and that his arrest on a new charge was "insufficient." He also lists several defenses to the new charge that he would have raised at his revocation hearing had he been afforded his due process rights.

¶4.	Ramsey attached no documents to his PCR motion to support his claim that his parole was unlawfully revoked. There is nothing in the appellate record, other than Ramsey's sworn motion, to show that Ramsey's parole was, in fact, revoked. There are no transcripts from the alleged parole hearing, no documents supporting Ramsey's claims of any due process violations, and no affidavits from any other person to support his claims. In fact, there are no records at all from a parole revocation in the court file in this cause or in the record on appeal for us to review.[2]

¶5.	On December 17, 2021, the circuit court dismissed Ramsey's PCR motion as successive and, thus, barred by section 99-39-23(6). The order cites two prior PCR filings by Ramsey in case numbers 24CI2:20-cv-13 and 24CI2:20-cv-52, which were dismissed in early 2020.[3] Further, the circuit court found that Ramsey had not met his burden to prove an exception to this statutory bar. Ramsey now appeals.

_____

[2] However, as will be discussed below, this Court ordered that the record be supplemented with copies of the records of Ramsey's prior PCR cases. Information concerning his parole revocation can be found in those files.

[3] While case number 24CI2:20-cv-13 was dismissed by an order filed January 7, 2020, case number 24CI2:20-cv-52 was dismissed by a separate order filed February 7, 2020.

## STANDARD OF REVIEW

¶6.　In *Davis v. State*, 335 So. 3d 1108, 1110 (¶7) (Miss. Ct. App. 2022), we stated:

> "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Hays v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019).

## ANALYSIS

¶7.　From our review of Ramsey's PCR motion in this case, he challenges the revocation of his parole and not his underlying convictions. On March 13, 2023, this Court ordered that this record be supplemented to include the files of the two prior PCR cases obviously relied upon by the circuit court in its dismissal of the instant PCR motion. Those files have now been made a part of this appellate record, consistent with Mississippi Rule of Civil Procedure 54(c).[4]

¶8.　In Harrison County Circuit Court case number 24CI2:20-cv-13, Ramsey filed a "Petition for Post-Conviction Relief" that was stamped filed on January 7, 2020. In this motion, Ramsey clearly challenged his convictions and sentences in the three case numbers in which he pled guilty and was sentenced on April 8, 2019, as noted above. Under the "Relief" portion of his motion, however, Ramsey included the following claim:

> That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody.

---

[4] This rule requires that "[w]hen a court summarily dismisses a motion for post-conviction collateral relief under section 99-39-11(2) of the Mississippi Code, the order must identify the files, records, transcripts, and correspondence the court relied on and direct that certified copies of those documents be placed in the motion cause number's file."

In the order filed January 7, 2020, in which the circuit court denied the "Petition for Post-Conviction Relief," the circuit court noted that one of Ramsey's claims was that "his parole was unlawfully revoked." Ramsey appealed the denial of relief in that case; however, his appeal was dismissed on October 22, 2020, for his failure to file an appellant brief. Notice, *Ramsey v. State*, No. 2020-CP-00088-COA (Miss. Ct. App. Oct. 22, 2020).

¶9.     In Harrison County Circuit Court case number 24CI2:20-cv-52, on January 24, 2020, Ramsey filed substantially the same hand-written PCR motion that he had filed in the earlier case challenging his underlying convictions. However, in this motion, Ramsey specifically included a nine-page "Supplement to the Motion of Post-Conviction Relief" in which he specifically claimed that his parole was unlawfully revoked. Ramsey attached a copy of a document entitled "Parole Revocation Hearing" to this motion. According to this document, a hearing was held on October 31, 2019, and Ramsey's parole was revoked with a 5-0 vote of all the parole board members. The document notes a finding that based upon the evidence presented it was "more likely than not" that Ramsey violated the law.[5] Ramsey's claims for relief in this motion were denied when the circuit court dismissed the motion as a successive filing on February 7, 2020. Ramsey did not appeal the dismissal of his PCR motion in this case.

¶10.    While the instant PCR motion is more narrowly drafted to challenge the revocation of his parole, it is also true that in each of his prior PCR motions, Ramsey did, to some

---

[5] Despite Ramsey's contention to the contrary, it was not necessary to show that he had been convicted of a new crime. It was sufficient for the State to show that it was more likely than not that Ramsey had violated the terms of his parole by the commission of a new crime. *See Randle v. State*, 228 So. 3d 334, 337 (¶15) (Miss. Ct. App. 2017).

5

extent, challenge the revocation of his parole. The appeal from the order dismissing his first PCR motion was dismissed, and he did not appeal the dismissal of his claims in his second PCR motion.

¶11.   In the instant case, the trial court found that Ramsey's PCR motion was a second or successive motion under section 99-39-23(6), which states in part:

> The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.

From Ramsey's prior filings, it is clear that he raised the issue of his unlawful parole revocation in both prior petitions. He did so with a nine-page supplement in case number 24CI2:20-cv-52. The circuit court further found that Ramsey had failed to show any exception to the successive-motions bar.  In *Fluker v. State*, 170 So. 3d 471, 475 (¶10) (Miss. 2015), the supreme court stated:

> In *Gibson v. State*, the Court of Appeals held that a second motion for PCR that reiterated the same challenge to a revocation decision as a former motion for PCR was statutorily barred as a successive motion. *Gibson v. State*, 49 So. 3d 1164, 1166 (Miss. Ct. App. 2010). In *Lyons v. State*, addressing a second motion for PCR that challenged the same revocation decision as a former motion, the Court of Appeals stated:
>
>> [w]e do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided. To the contrary, we have previously stated, "[t]he exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court."
>
> *Lyons*, 990 So. 2d 262, 265 (quoting *Retherford v. State*, 749 So. 2d 269, 273-

6

74 (Miss. Ct. App.1999)). We find this reasoning to be sound and hold that Fluker's second post-conviction challenge to the same revocation decision that he attacked in his first motion for PCR was barred as a successive pleading under Section 99-39-23(6).

## CONCLUSION

¶12.　The circuit court did not err by dismissing the PCR motion in this case as successive.

¶13.　**AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**