BARNES, J.,
 

 for the Court.
 

 ¶ 1. In the Circuit Court of Harrison County, Charles Douglas Owens, II pleaded guilty and was sentenced to thirty years for armed robbery and ten years for aggravated assault, with the sentences to run consecutively for a total of forty years in the custody of the Mississippi Department of Corrections (MDOC). After filing an unsuccessful motion for post-conviction relief with the trial court on February 2, 2006, and while the appeal from that decision was pending before this Court, Owens filed a motion for clarification of sentence, which the circuit court subsequently denied as time-barred, treating it as a motion for post-conviction relief. By separate order, the circuit court also denied Owens’s three post-trial motions which were filed prior to his February 2, 2006, motion for post-conviction relief. Owens now appeals the circuit court’s denial of his four motions. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The detailed factual history regarding the background of Owens’s arrest and conviction has already been discussed in our opinion affirming the denial of Owens’s February 2, 2006, motion for post-conviction relief.
 
 See Owens v. State,
 
 996 So.2d 85 (Miss.Ct.App.2008). We will not repeat that discussion except as necessary. On February 4, 2003, Owens pleaded guilty to armed robbery and aggravated assault. He was sentenced on March 17, 2003, to thirty years for armed robbery and ten years for aggravated assault, with the sentences to run consecutively, for a total of forty years in the custody of the MDOC.
 

 ¶ 3. On March 20, 2003, Owens filed a pro se motion for reconsideration. A week later, Owens’s attorney-of-record filed a “Motion for Reconsideration, or in the Alternative to Withdraw Plea.” On April 14, 2003, Owens filed a pro se motion to withdraw his guilty plea. Nearly three years later, on February 2, 2006, Owens’s new counsel filed a motion for post-conviction relief, making three arguments: (1) there were mitigating factors which, if known, would have decreased his sentence; (2) his plea was involuntarily given; and (3) his plea should be withdrawn as there was an agreement between the circuit court, the
 
 *631
 
 State, and Owens as to his sentence. On January 3, 2007, the circuit court entered its order denying the 2006 motion for post-conviction relief. On June 27, 2007, while that decision was pending on appeal, Owens filed a pro se motion for clarification of sentence stating that MDOC’s position on his eligibility for parole contradicted the intent of the sentencing judge. In affirming the denial of Owens’s 2006 motion for post-conviction relief, we noted that there was no indication that Owens’s three 2003 post-trial motions, which were included in the record, had been ruled upon.
 
 See Owens,
 
 996 So.2d at 89(¶ 13). Owens thereafter reasserted those motions via a petition for writ of mandamus seeking to compel the circuit court to take action on his 2003 motions. On August 11, 2008, the circuit court issued two separate orders denying Owens’s various motions. One order (Order No. 1) dealt with Owens’s three post-trial motions filed in 2003. In that order, the judge stated that: (1) the motions had never been set for hearing; (2) the order denying Owens’s first motion for post-conviction relief addressed the issues set forth in the post-trial motions; and (3) the motions were without merit. The second order (Order No. 2) stated that Owens’s June 27, 2007, motion for clarification of his sentence was time-barred as it was filed more than three years after Owens’s judgment of conviction. Based upon the entry of the orders by the circuit court, the Mississippi Supreme Court dismissed the petition for writ of mandamus as moot on August 15, 2008. Owens filed a “Traverse,” requesting a vacation of the circuit court’s orders, which was subsequently denied by the Mississippi Supreme Court on September 10, 2008.
 
 [1]
 
 Owens’s notice of appeal was filed on September 12, 2008.
 

 JURISDICTION
 

 ¶ 4. First, we must determine whether Owens’s notice of appeal was filed timely in order to confer jurisdiction on this Court. Owens’s notice of appeal was filed on September 12, 2008, thirty-one days after the entry of the circuit court judge’s orders. Rule 4(a) of the Mississippi Rules of Appellate Procedure states that “the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” Therefore, Owens’s notice of appeal was filed one day late, which would normally bar review of the appeal by this Court. However, since Owens’s motion for post-conviction relief was pro se and the notice of appeal was filed while he was incarcerated, the “prison mailbox rule” applies.
 
 Craft v. State,
 
 966 So.2d 856, 858(¶ 10) (Miss.Ct.App.2007) (citing
 
 Sykes v. State,
 
 757 So.2d 997, 1000-01(¶ 14) (Miss.2000)). “Under the prison mailbox rule, a pro se prisoner’s notice of appeal is effectively filed under Rule 4 when the prisoner delivers his notice of appeal to the proper prison authorities for mailing.”
 
 Carroll v. State,
 
 3 So.3d 767, 769(¶ 5) (Miss.Ct.App.2008) (citation omitted).
 

 ¶ 5. There is nothing in the record to indicate when Owens delivered his notice of appeal to prison authorities. When the State moves for dismissal on the issue of timeliness, it has the burden of proof.
 
 Melton v. State,
 
 930 So.2d 452, 455(¶ 8) (Miss.Ct.App.2006) (citation omitted). The
 
 *632
 
 State, however, has not challenged the timeliness of Owens’s appeal. This Court has found that where the petitioner’s notice of appeal from his denial of his motion for post-conviction relief “is stamped filed within a reasonable time after the expiration of the time allowed by Mississippi Rule of Appellate Procedure 4(a)[,] a re-buttable presumption exists that it was timely filed.”
 
 Lewis v. State,
 
 988 So.2d 942, 944(¶ 5) (Miss.Ct.App.2008) (citing
 
 Jewell v. State,
 
 946 So.2d 810, 813(¶ 9) (Miss.Ct.App.2006)). In order for the State to rebut this presumption, it would have to present proof, such as “a ‘prison mail log of legal mail,’ or some similarly reliable documentation ... [such as] a self-authenticating certificate from the records custodian pursuant to Mississippi Rules of Evidence 803(10), 902(4), or 902(11).”
 
 Id.
 
 The State has failed to include such evidence in the record.
 

 ¶ 6. Therefore, as the notice of appeal was filed only one day after the thirty-day deadline, there exists a strong presumption that Owens met the requirements of Rule 4(a). Accordingly, we find that we have jurisdiction to consider Owens’s appeal.
 

 STANDARD OF REVIEW
 

 ¶ 7. This Court “will not disturb a lower court’s denial of a petition for post-conviction relief unless it is clearly erroneous.”
 
 Long v. State,
 
 982 So.2d 1042, 1043(¶ 5) (Miss.Ct.App.2008) (citing
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002)). “However, when questions of law are raised, the standard of review is de novo.”
 
 Id.
 
 (citing
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999)).
 

 ¶ 8. “This Court reviews the terms of a sentence under an abuse of discretion standard.”
 
 Vardaman v. State,
 
 966 So.2d 885, 891(¶ 28) (Miss.Ct.App.2007). The circuit court judge has “complete discretion” in sentencing.
 
 Id.
 
 Unless the sentence is grossly disproportionate or not within the statutory limits, we will not disturb the sentence on appeal.
 
 Hull v. State,
 
 983 So.2d 331, 335(¶ 21) (Miss.Ct.App.2007) (citing
 
 Campbell v. State,
 
 743 So.2d 1050, 1054(¶ 13) (Miss.Ct.App.1999)).
 

 I. WHETHER THE CIRCUIT COURT ERRED IN DENYING OWENS’S 2003 POST-TRIAL MOTIONS.
 

 ¶ 9. Owens argues that the circuit court erred in Order No. 1 by denying his two motions for reconsideration and his motion to withdraw his guilty plea. As we find that the two March 2003 motions for reconsideration and the April 2003 motion to withdraw guilty plea are procedurally distinct, we will address them separately.
 

 A. Motions for Reconsideration
 

 ¶ 10. The circuit court judge stated in Order No. 1 that, as Owens failed to pursue a hearing on these two post-trial motions and there was no order carrying these motions from term to term, it appeared that Owens waived the motions and the circuit court’s jurisdiction to consider them was “questionable.” We agree in part. The circuit court has jurisdiction to consider a motion regarding sentencing if “it is made within the term of court, the motion is pending at the end of the term under [Mississippi Code Annotated] section 11-1-16 [ (Rev.2002) ], or the trial court retains jurisdiction pursuant to [Mississippi Code Annotated] section 47-7-47 [ (Rev.2004) ].”
 
 Ducote v. State,
 
 970 So.2d 1309, 1313(¶ 8) (Miss.Ct.App.2007). In this case, the court did not retain jurisdiction pursuant to section 47-7-47. Additionally, the term of court ended on March 21,
 
 *633
 
 2003;
 
 [2]
 
 therefore, Owens’s March 20, 2003, motion for reconsideration was filed before the term of court ended, but his March 27, 2003, motion was not. As such, the circuit court had jurisdiction to consider only Owens’s first motion for reconsideration; Owens’s March 27, 2003, motion for reconsideration was filed untimely, as the term of court had already expired. Accordingly, the circuit court was without jurisdiction to consider that motion.
 

 ¶ 11. In Order No. 1, the circuit court judge submitted that the issues in Owens’s two motions for reconsideration had been addressed in Owens’s 2006 motion for post-conviction relief; therefore, these issues had been ruled upon. We disagree. Although the post-trial motions for reconsideration and the 2006 motion for post-conviction relief both dealt with sentencing issues, the issues were, in fact, different. Owens’s March 20, 2003, pro se motion for reconsideration claimed that his sentence was unreasonable due to the mitigating circumstances and the fact that he was “a likely candidate for successful rehabilitation in the custody of MDOC” due to his age. His March 27, 2003, motion for reconsideration of the sentence or, in the alternative, a motion to withdraw plea contended that Owens’s sentence was grossly disproportionate. We find that these issues were not specifically addressed in Owens’s 2006 post-conviction relief motion. However, as we have found no jurisdiction as to Owens’s March 27, 2003, motion, we do not address the circuit court’s findings on this motion.
 
 [3]
 
 Therefore, we turn now to the circuit court’s review of Owens’s claim in his March 20, 2003, motion to reconsider.
 

 ¶ 12. Owens argues that his sentence was unreasonable due to his young age and the fact that he was a good candidate for rehabilitation. However, he does not contend that his sentence was outside the permissible sentencing range. “[S]en-tencing is within the sound discretion of the trial court[.]”
 
 Attaberry v. State,
 
 11 So.3d 166, 171(¶ 12) (Miss.Ct.App.2009) (citation omitted). Although he noted the State’s recommendation of twenty-five years, the judge found that “in his experience the acts in this case cry out for the upper limits ... of this sentence.” The record reflects that the sentencing judge gave great consideration to numerous factors in his determination of the sentence, including the violent nature of the crime and the severe, near-fatal injuries that the victim sustained. Accordingly, as Owens’s sentence was well within the statutory sentencing limits and thoroughly considered by the court, we find no error by the sentencing court in imposing the sentence and affirm.
 

 B. Motion to Withdraw Guilty Plea
 

 ¶ 13. The circuit court found that, as Owens’s April 2003 motion to withdraw his guilty plea was not filed within ten days after Owens’s sentencing, it lacked jurisdiction as the motion was not properly before it as a post-trial motion.
 
 See
 
 URCCC 10.05. Yet, we find that the April 2003 motion was technically Owens’s first motion for post-conviction relief. We cannot dismiss it as a “subsequent” motion for post-conviction relief as it was filed prior
 
 *634
 
 to Owens’s 2006 motion for post-conviction relief ruled upon by the circuit court. Accordingly, we find that the circuit court, out of an abundance of caution, correctly reviewed the merits of Owens’s April 2003 motion.
 

 ¶ 14. Owens alleges that there were mitigating factors that his counsel failed to present to the court and that this failure constituted ineffective assistance of counsel. In order to succeed on “a claim for ineffective assistance of counsel, the defendant must prove that his counsel’s performance was deficient, and the deficient performance prejudiced his defense.”
 
 Hunt v. State,
 
 11 So.3d 764, 768(¶ 12) (Miss.Ct.App.2009) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Therefore, Owens must demonstrate “that there is a reasonable probability that but for his counsel’s alleged errors, he would not have entered a guilty plea, would have gone to trial, and the result would have been different.”
 
 Id.
 
 We agree with the circuit court’s finding that Owens’s argument is not supported by the record. Owens was given an opportunity to present mitigating information to the sentencing court. Additionally, several witnesses testified on Owens’s behalf at the sentencing hearing. However, Owens has not provided any new mitigating evidence not available to him at the hearing, nor has Owens demonstrated that a different result would have occurred had he presented such evidence. Thus, we find that Owens has not established that his counsel’s performance was deficient or that his defense was prejudiced by his counsel’s actions.
 

 ¶ 15. In the motion, Owens also seeks that the victim be present in court so that he may rebut the “true impact of the offense.” There is no requirement that the victim be present at the defendant’s guilty plea hearing, and Owens makes no argument as to how the victim’s presence would have altered his sentence in any way. We find that this claim is also without merit.
 

 ¶ 16. Accordingly, we find no error in the circuit court’s issuance of Order No. 1.
 

 II. WHETHER THE CIRCUIT COURT ERRED IN DENYING OWENS’S MOTION FOR CLARIFICATION OF SENTENCE.
 

 ¶ 17. In his 2007 motion for clarification of his sentence, Owens claims that the sentencing court’s “expectation” was that Owens was eligible for probation after ten years and that the State confirmed that belief at the hearing. In Order No. 2, the circuit court judge dismissed Owens’s motion as time-barred since the motion was filed on June 27, 2007, more than four years after he was sentenced. In cases where a defendant pleads guilty, the motion for post-conviction relief “must be filed within three years after entry of judgment of conviction.”
 
 Dyson v. State,
 
 996 So.2d 172, 173(¶ 4) (Miss.Ct.App.2008) (citing Miss. Code Ann. § 99-39-5(2) (Rev.2007)). We agree with the circuit court’s finding that the motion was time-barred.
 

 ¶ 18. Additionally, Owens’s motion for clarification of his sentence would be, in effect, his
 
 third
 
 motion for post-conviction relief. Therefore, it is also procedurally barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp.2008) provides that an order dismissing a petitioner’s motion “or otherwise denying relief under this article is a final judgment and .... shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6). New issues not raised in a petitioner’s initial motion for post-conviction relief are barred as a successive writ.
 
 Henry v. State,
 
 999 So.2d 867, 872(¶ 15)
 
 *635
 
 (Miss.Ct.App.2008). Exceptions to this bar are cases where “an intervening decision of the United States Supreme Court or the Mississippi Supreme Court” adversely affects the outcome of the prisoner’s conviction or sentence, or where new evidence, not reasonably discoverable at trial, “has surfaced which ... would have caused a different result in the conviction or sentence.”
 
 Riggs v. State,
 
 967 So.2d 650, 652(¶ 7) (Miss.Ct.App.2007). A third “exception requires the prisoner to show that either his sentence has expired or his parole, probation or conditional release has been unlawfully revoked.”
 
 Bowie v. State,
 
 949 So.2d 60, 62(¶ 6) (Miss.Ct.App.2006) (citing Miss. Code Ann. § 99-39-23(6)). Therefore, a successive writ is only allowed under section 99-39-23(6) “if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court.”
 
 Lyons v. State,
 
 990 So.2d 262, 265(¶ 13) (Miss.Ct.App.2008) (quoting
 
 Retherford v. State,
 
 749 So.2d 269, 273-74(¶ 9) (Miss.Ct.App.1999)).
 

 ¶ 19. “The burden of proving that no procedural bar exists falls squarely on the petitioner.”
 
 Crawford v. State,
 
 867 So.2d 196, 202(¶ 7) (Miss.2003) (citing
 
 Lockett v. State,
 
 614 So.2d 888, 893 (Miss.1992)). Owens has not demonstrated to this Court that his claims fall within any of the statutory exceptions to section 99-39-23(6). In fact, in his March 20, 2003, pro se motion for reconsideration, Owens recognized that: “The Defendant’s sentence ... will require the Defendant to serve 100% of the same without eligibility for parole or early release because Mississippi law prohibits the eligibility of an individual convicted of armed robbery for parole and/or ERS.” Accordingly, Owens knew from an early date that he was not eligible for parole. Having failed to include the issue in his earlier motion for post-eonviction relief, Owens is procedurally barred from doing so now.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Owens thereafter filed a motion for appointment of appellate counsel on October 28, 2008, which this Court denied on November 4, 2008. Then, Owens filed a "Motion for Reconsideration of Order Denying Appointment of Counsel for the Appellant” on November 13, 2008. This Court denied that motion on November 18, 2008. A "Petition for Writ of Mandamus” was filed on December 18, 2008, requesting appointment of counsel, which this Court also denied.
 

 [2]
 

 . State of Mississippi Judiciary and Court Calendar (2003).
 

 [3]
 

 . This motion was also alternatively styled as a motion to withdraw Owens’s plea. In
 
 Du-cote,
 
 we found that this alternative styling of the motion to be a motion for post-conviction relief.
 
 Ducote,
 
 970 So.2d at 1315(¶ 13). However, unlike Ducote, Owens never provided the circuit court with a substantive argument for the withdrawal of his plea. Therefore, we do not find this claim to be a motion for post-conviction relief.