GRIFFIS, J.,
for the Court:
¶ 1. William Salter filed his second petition for post-conviction collateral relief in the Circuit Court of George County. The circuit court dismissed the petition, finding it was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2009). We find no error and affirm.
FACTS
¶2. On April 16, 2001, Salter pleaded guilty to four counts of kidnaping, two counts of armed robbery, and one count of burglary. He received six thirty-year sentences — one for each count of kidnaping and armed robbery — to run concurrently, and a seven year sentence on the burglary charge, to run consecutively to the thirty-year sentences.
¶ 3. On April 15, 2002, Salter filed his first petition for post-conviction collateral relief. The circuit court denied the peti *516 tion. On appeal, this Court affirmed the denial. Salter v. State, 876 So.2d 412, 417 (¶ 15) (Miss.Ct.App.2003).
¶ 4. On April 3, 2009, Salter filed his second petition for post-conviction collateral relief. The circuit court dismissed the petition as procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2009). It is from this judgment that Salter now appeals.
STANDARD OF REVIEW
¶ 5. A circuit court’s dismissal of a petition for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 6. In the petition now before this Court, Salter argues that his guilty plea was involuntary and that his trial counsel was ineffective because both his attorney and the circuit court misinformed him about his eligibility for parole and earned time release. Salter contends that, had he been properly informed that he was not eligible for either, he would have opted to proceed to trial instead of pleading guilty.
¶ 7. The reality is that Salter’s thirty-year sentences for armed robbery are “day-for-day” sentences. He is not eligible for parole. Miss.Code Ann. § 47-7-3(1)(g) (Supp.1999). And, he is not eligible for earned time release. Miss.Code Ann. § 47-5-139(1)(e) (Supp.1999). Salter must serve his entire sentence. Wells v. State, 936 So.2d 479, 480 (¶5) (Miss.Ct.App. 2006). Salter claims that he was not aware of this reality when he entered his guilty plea and that his misunderstanding was the product of erroneous advice from both his attorney and the circuit court.
¶ 8. Salter says his attorney advised him to plead guilty for two reasons. First, he would avoid a life sentence, since such a sentence could only be imposed by the jury. Second, even if the judge imposed a lengthy sentence of over ten years, Salter would become eligible for parole and earned time release after serving the first ten years of his sentence. In support of these allegations, Salter attached to his petition signed statements from his mother, his wife, and his sister. They claim Salter’s attorney told them that by pleading guilty Salter would avoid a life sentence, and, as a worst case scenario, he would have to serve ten to twelve years due to parole and earned time.
¶ 9. In addition, Salter claims that the circuit court also misinformed him about parole and earned time eligibility, confirming, in his mind, his attorney’s erroneous advice. During the guilty plea colloquy, the circuit court stated:
[I]f I sentence you to anything less than ten years ... you would have to serve day for day of anything under ten years. You would be ineligible for parole, good time release.... So, if I gave you five years, you would to serve five years. If I gave you twelve years, anything over the twelve years I would imagine, but I’m not sure, that the general probation statutes would apply and you would have to serve perhaps eighty-five percent. ... [B]y me explaining that to you or trying to I’m giving you no assurances, or guarantees, or promises with respect to any early release or parole .... Parole is a matter solely left to the discretion of the Mississippi Department of Corrections!)]
*517 It appears the circuit court thought Salter could start accruing earned time after serving the first ten years of his sentence.
¶ 10. At one point in time, it was true that an inmate serving a sentence for armed robbery would have to serve the first ten years “day-for-day” but would become eligible for parole and earned time after serving the first ten years. Miss. Code Ann. 47-7-3(1)(d)(i) (Supp.2009). However, that is not the current law, and it was not the law when Salter committed his crimes. Suffice it to say, a sentence for armed robbery now means exactly what it says — the defendant must serve the time stated and is not eligible for parole or earned time release. Wells, 936 So.2d at 480 (¶ 5).
¶ 11. Had Salter raised this issue in his first petition for post-conviction collateral relief, it appears that he would have been entitled to an evidentiary hearing. “[E]rroneous information concerning parole and sentencing [given by the circuit court] at least entitles the petitioner to an evidentiary hearing on whether he relied on the erroneous information.” Fairley v. State, 834 So.2d 704, 707 (¶ 8) (Miss.2003). However, Salter did not raise the issue in his first petition. Instead, he raises it for the first time in this his second petition.
¶ 12. The question this Court must answer is whether Salter’s second petition is procedurally barred. The circuit court dismissed the petition as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2009). We also note that the petition falls outside the three year time limitation under Mississippi Code Annotated section 99-39-5(2) (Supp.2009). Thus, Salter’s petition is barred unless an exception applies. Salter argues that two exceptions apply to his case.
¶ 13. First, Salter argues that he has newly discovered evidence. Both the time-bar and the successive-writ-bar contain an exception for when the petitioner has “evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.” Miss.Code Ann. §§ 99 — 39—5(2)(a)(i); 99-39-23(6) (Supp.2009). To support this argument, Salter claims that he spent approximately eight years in prison thinking he would become eligible for parole and earned time after his tenth year. In his eighth year, thinking his first parole hearing was just on the horizon, he started asking about what he should do to prepare for the hearing. He claims that he was then informed for the first time that he was serving a “day-for-day” sentence and was not eligible for parole and earned time. Salter claims this new knowledge suffices to invoke the newly discovered evidence exception to the procedural bars. We disagree. As this Court has previously explained:
The term “newly discovered evidence” refers to evidence, that is, an exhibit, testimony, or some other information that could have been offered as evidence in the defendant’s trial but was not offered because it was not reasonably discoverable at the time of the trial. The concept of newly discovered evidence does not embrace a prisoner’s untimely realization that legal errors occurred at his trial. Accordingly, we have held that a prisoner’s failure to understand the law until conducting research into his case does not constitute newly discovered evidence.
Pickle v. State, 942 So.2d 243, 246 (¶ 12) (Miss.Ct.App.2006) (citation omitted).
¶ 14. Next, Salter argues that his petition should not be procedurally barred because his claims concern fundamental rights. Where a petitioner asserts *518 a fundamental right, the courts must address the merits of the petition for post-conviction relief regardless of procedural bars. Rowland v. State, 42 So.3d 503, 507-08 (¶ 12) (Miss.2010). Salter argues that his claims of ineffective assistance of counsel and an involuntary guilty plea are sufficient to invoke this fundamental rights exception. We do not agree. The supreme court has held that claims of ineffective assistance of counsel and involuntary guilty pleas are indeed subject to the procedural bars. Kirk v. State, 798 So.2d 345, 346 (¶ 6) (Miss.2000).
¶ 15. Therefore, we must conclude that his petition was correctly dismissed by the circuit court as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2009). We affirm the decision of the circuit court to dismiss the petition as procedurally barred.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.
KING, C.J., LEE, P.J., IRVING, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MYERS, P.J., NOT PARTICIPATING.