# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01447-COA

**CHARLES DOUGLAS OWENS, II A/K/A**               **APPELLANT**
**CHARLES DOUGLAS OWENS A/K/A CHARLES**
**OWENS A/K/A CHARLES D. OWENS, II**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2013 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLE DOUGLAS OWENS II (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED PETITION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/28/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Charles Douglas Owens II pled guilty in the Harrison County Circuit Court, Second

Judicial District, to one count of armed robbery and one count of aggravated assault. Owens

was sentenced to serve forty years in the custody of the Mississippi Department of

Corrections (MDOC). Owens has had two prior petitions for post-conviction collateral relief

(PCR) denied by the trial court. On both occasions, Owens appealed and this Court affirmed.

*See Owens v. State*, 17 So. 3d 628 (Miss. Ct. App. 2009); *Owens v. State*, 996 So. 2d 85

(Miss. Ct. App. 2008). Owens has filed a third PCR petition asserting that his conviction and sentence violate the prohibition against double jeopardy. Owens's petition also asserted that issues raised in his previous PCR petitions should be revisited in light of intervening decisions of the United States Supreme Court and the Mississippi Supreme Court. The trial court denied the petition and Owens now appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2.     On May 20, 2002, a Harrison County grand jury indicted Owens on one count of armed robbery and one count of aggravated assault. Owens entered voluntary pleas of guilty to both counts on February 4, 2003. On March 17, 2003, Owens was sentenced to thirty years for armed robbery and ten years for aggravated assault, with the sentences to run consecutively for a total of forty years in the custody of the MDOC. Owens filed a pro se motion for reconsideration on March 20, 2003. The following week, Owens's attorney-of-record filed a motion for reconsideration or, in the alternative, to withdraw his guilty plea, and on April 4, 2003, Owens filed a pro se motion to withdraw his plea. On February 2, 2006, nearly three years later, Owens's new counsel filed a PCR petition arguing that there were mitigating factors that, if known, would have decreased Owens's sentence; his plea was involuntarily given; and his plea should be withdrawn, as there was an agreement between the circuit court, the State, and Owens as to his sentence. On January 3, 2007, the trial court

---

[1] The detailed factual history pertaining to Owens's arrest and conviction has been fully recited in our prior decisions affirming the denial of Owens's petition for PCR. *See Owens*, 17 So. 3d at 630-631 (¶¶2-3); *Owens*, 996 So. 2d at 87-90 (¶¶3-17). Therefore, we recite only those facts pertinent to this appeal.

denied the 2006 PCR petition and Owens appealed. While that decision was pending on appeal, Owens filed a pro se motion for clarification of his sentence stating that the MDOC's position on his parole eligibility contradicted the intent of the trial court. This Court affirmed the trial court's denial of Owens's 2006 PCR petition. See *Owens*, 996 So. 2d at 94 (¶33). In so doing, we noted that there was no indication in the record that the trial court had ruled on Owens's three post-trial motions. *See id.* at 89 (¶13).

¶3.     Owens petitioned the Mississippi Supreme Court for a writ of mandamus, attempting to compel the trial court to take action on those motions. On August 11, 2008, while the petition for a writ of mandamus was pending, the trial court denied Owens's pro se motion for reconsideration; his attorney's motion for reconsideration or, in the alternative, to withdraw his plea; and Owens's pro se motion to withdraw his plea. The motion for clarification of Owens's sentence was denied by a separate order entered on August 11, 2008. Upon entry of those orders, the Mississippi Supreme Court, on August 15, 2008, dismissed Owens's petition for a writ of mandamus as moot. Owens then appealed the circuit court's denial of his 2003 motions and the motion for clarification of his sentence, and this Court affirmed. *See Owens*, 17 So. 3d at 635 (¶20).

¶4.     Undeterred, on June 7, 2013, Owens filed another petition for PCR, asserting that his conviction violated the prohibition against double jeopardy. Owens also asserted that he received ineffective assistance of counsel, and that his plea was involuntary and it should be revisited. On August 1, 2013, the trial court denied Owens's petition for PCR, finding that Owens's conviction did not violate the prohibition against double jeopardy, and that Owens's

3

remaining claims were procedurally barred. Owens now appeals, raising the following issues: (1) whether the trial court erred in finding that Owens's double-jeopardy claim was without merit; and (2) whether the trial court erred in finding that Owens's prior claims were procedurally barred. We find no error and affirm.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

### I. Whether the trial court erred in finding that Owens's double-jeopardy claim was without merit.

¶6. Owens argues that he was subjected to double jeopardy because he was indicted for both aggravated assault and armed robbery based on the same set of facts. Thus, Owens argues that his conviction and sentence for armed robbery and aggravated assault constitute multiple punishments, violating his constitutional protections against double jeopardy. We disagree.

¶7. We first note that Owens's present petition is time-barred. Pursuant to the Uniform Post-Conviction Collateral Relief Act (UPCCRA):

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has

4

expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5(2) (Supp. 2014). Here, Owens pleaded guilty to armed robbery and aggravated assault, and the judgment of conviction was entered on March 17, 2003. The present PCR petition was filed on June 7, 2013, more than ten years after the entry of the judgment of conviction. Thus, Owens's present petition for PCR is time-barred.

¶8. The Mississippi Supreme Court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). Likewise, our supreme court has held that the right to be free from double jeopardy is a fundamental right. *Id.* at 508 (¶14). Therefore, we address the merits of Owens's claim.

¶9. "Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *Rowland v. State*, 98 So. 3d 1032, 1037 (¶10) (Miss. 2012) (quoting *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001)). Here, it is the third protection that is at issue: whether Owens's right to be free from multiple punishments for the same offense was violated when he was convicted of aggravated assault and armed robbery arising from the same criminal act. The Mississippi Supreme Court has held that "[i]n determining whether double-jeopardy protection applies, we apply the test enunciated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304

5

(1932)." *Rowland*, 98 So. 3d at 1037 (¶10) (citations omitted). The *Blockburger* Court held:

> [T]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Id.* (quoting *Blockburger*, 284 U.S. at 304). Thus, "[e]ven though there may be a substantial overlap in the proof supporting the convictions of the different crimes, the *Blockburger* test is met where each offense requires proof of an element not necessary to the other." *Greenwood v. State*, 744 So. 2d 767, 771 (¶14) (Miss. 1999) (citing *Bannister v. State*, 731 So. 2d 583, 586 (¶12) (Miss. 1999)). Furthermore, we have held that "[a] criminal defendant may be prosecuted for more than one offense that arises from a single set of facts where each offense requires proof of a different element. *Thomas v. State*, 930 So. 2d 1264, 1266 (¶8) (Miss. Ct. App. 2005) (citing *Davis v. State*, 750 So. 2d 552, 563 (¶44) (Miss. Ct. App. 1999)).

¶10. Here, the grand jury returned a two-count indictment against Owens. Count I charged Owens with armed robbery pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2001), which defined the crime as: "[F]eloniously tak[ing] or attempt[ing] to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by exhibition of a deadly weapon[.]" Count I of Owens's indictment stated that he "did willfully,

6

unlawfully and feloniously take, steal[,] and carry away from the person and in the presence and against the will of Raleigh Richard Carter, One Thousand Four Hundred Dollars ($1,400.00)[,] . . . the personal property of [Carter], by violence to the person of . . . [Carter], by the exhibition of a deadly weapon[,] . . . a handgun[.]" Likewise, Count II indicted Owens for aggravated assault pursuant to Mississippi Code Annotated section 97-3-7(2) (Rev. 2001), which defined the crime of aggravated assault as:

> (a) attempt[ing] to cause serious bodily injury to another, or caus[ing] such injury purposely, knowingly[,] or recklessly under the circumstances manifesting extreme indifference to the value of human life; or (b) attempt[ing] to cause or purposely or knowingly caus[ing] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]

Count II of the indictment stated that Owens "unlawfully, feloniously, willfully[,] and purposely, cause[d] bodily injury to [Carter], by shooting . . . [Carter] in the left chest with a deadly weapon[,] . . . a handgun[.]

¶11.  It is clear that the two crimes for which Owens was indicted and to which he pled guilty required proof of an element which the other did not. The armed-robbery charge required the State to prove that Owens took the personal property of Carter; the aggravated assault charge did not. The aggravated-assault charge required the State to prove that Owens caused bodily injury to Carter by shooting Carter; the armed-robbery charge did not. Stated differently, Owens could have been found guilty of armed robbery without having shot Carter; likewise, Owens could have been found guilty of aggravated assault without taking Carter's property. *See Thomas*, 930 So. 2d at 1266 (¶9). Accordingly, this issue is without

7

merit.

> **II. Whether the trial court erred in finding that Owens's prior claims were procedurally barred.**

¶12.    Owens next argues that his prior claim challenging the voluntariness of his plea and his claim that his counsel was ineffective should be revisited. In Owens's February 2, 2006 PCR petition, Owens claimed that he detrimentally relied on the State's recommendation of a twenty-five-year sentence when he agreed to plead guilty. Owens asserted that the trial court failed to advise him that it was not bound by the State's sentencing recommendation and that Owens could be sentenced to serve the statutory maximum sentence. Further, Owens claimed that his trial counsel failed to inform him of the consequences of his plea. Thus, Owens claims that his guilty plea was not intelligently, voluntarily, and freely given because the trial court sentenced him to a term of years in excess of the State's recommendation and that his counsel was ineffective.

¶13.    As to the voluntariness of his plea, this Court has already addressed this issue in our prior opinion. Following the trial court's denial of Owens's February 2, 2006 PCR petition, this Court affirmed, finding:

> The transcript from Owens's plea hearing clearly shows that he testified under oath that he had read and understood his guilty plea petition, which stated in pertinent part that the trial judge was not required to follow the sentencing recommendation of the State and could sentence Owens to any term within the statutory limits. The transcript also shows that Owens was told the maximum and minimum sentences that he could receive for the crimes with which he was charged. Owens affirmed to the trial judge that he was satisfied with the advice and counsel of his attorney. Importantly, the record shows that Owens was informed of his constitutional rights that he was waiving by pleading guilty. Owens told the trial court that he understood that he was waiving those

8

rights.  Owens signed the petition to plead guilty and told the trial court that he was in fact guilty of the two charges.  We find that Owens has failed to carry his burden of proof to show that his plea was not voluntarily, intelligently, and knowingly given.  This issue is without merit.

*Owens*, 996 So. 2d at 94 (¶32).

¶14.  Nevertheless, Owens's present petition is procedurally barred by the statute of limitations set forth in section 99-39-5(2)(a)(ii).  Likewise, Owens has filed prior petitions for PCR, in which these issues were addressed.  The UPCCRA prohibits successive attempts to obtain relief, providing: "[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."  Miss. Code. Ann. § 99-39-23(6) (Supp. 2014).  Thus Owens's present petition is barred as a successive writ. However, both section 99-39-5 and section 99-39-23 provide that an intervening decision of the United States Supreme Court or the Mississippi Supreme Court which would adversely affect the outcome of a conviction or sentence is an exception to the respective procedural bars.  *See* § 99-39-5(2)(a)(ii) ("Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate . . . [t]hat there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence[.]"); § 99-39-23(6) ("[E]xcepted from this prohibition are those cases in which the petitioner can demonstrate . . . that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected

9

the outcome of his conviction[.]"). Owens now argues that his claims should be revisited in light of intervening decisions by the United States Supreme Court and the Mississippi Supreme Court.

¶15. "The burden of proving that no procedural bar exists falls squarely on the petitioner." *Cosner v. State*, 111 So. 3d 111, 113 (¶13) (Miss. Ct. App. 2013) (quoting *Crawford v. State*, 867 So. 2d 196, 202 (¶7) (Miss. 2003)).

¶16. Owens first claims that the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), which involves an ineffective-assistance-of-counsel claim, is an intervening decision that would adversely affect the outcome of his conviction. We disagree.

¶17. In *Padilla*, the petitioner, Padilla, a native of Honduras who had been a lawful permanent resident of the United States for more than forty years, faced deportation as a result of his pleading guilty to the transportation of a large amount of marijuana in his tractor-trailer in the State of Kentucky.[2] *Id.* at 359. Padilla alleged that his trial counsel not only failed to discuss the possibility of deportation as a result of his guilty plea, but claimed that his attorney told him that he "did not have to worry about immigration status since he

---

[2] Padilla faced deportation pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) (2012), which provides: "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign country relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

had been in the country so long." *Id*. Applying *Strickland*,[3] the Supreme Court held that "[a]ccepting his allegations as true, Padilla has sufficiently alleged constitutional deficiency to satisfy the first prong of *Strickland*." *Id.* at 369. The Court noted:

> In the instant case, the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for Padilla's conviction. . . . Padilla's counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute . . . . Instead, Padilla's counsel provided him false assurance that his conviction would not result in his removal from this country. This is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect.

*Id.* at 368-69. The Court remanded, noting: "Whether Padilla is entitled to relief on his claim will depend on whether he can satisfy *Strickland*'s second prong, prejudice, a matter we leave to the Kentucky courts to consider in the first instance." *Id.* at 369.

¶18. We find that the decision in *Padilla* is not analogous to the facts here. The case here does not involve deportation, and the decision in *Padilla* did not announce a new rule regarding ineffective assistance of counsel; instead, it merely continued the Court's longstanding adherence to *Strickland*. We find that this decision would not "have actually affected" the outcome of Owens's conviction and sentence as required by section 99-39-5(2)(a)(ii) and section 99-39-23(6).

¶19. Owens next claims that this Court's decision in *Salter v. State*, 64 So. 3d 514 (Miss.

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687.

Ct. App. 2010), is an intervening decision that would adversely affect the outcome of his conviction. *Salter* concerned a claim that Salter received erroneous advice from both his attorney and the trial court concerning his eligibility for parole. This Court found that Salter's petition was barred as a successive writ, stating: "Had Salter raised this issue in his first petition for post-conviction collateral relief, it appears that he would have been entitled to an evidentiary hearing. . . . However, Salter did not raise the issue in his first petition. Instead, he raises it for the first time in this his second petition." *Id.* Owens misreads this statement claiming that he did raise this issue in his original petition, but did not receive an evidentiary hearing. Thus, Owens does not argue that this decision would have actually affected his conviction and sentence, but merely states that he was denied an evidentiary hearing. As already stated, the denials of Owens's prior PCR petitions have been affirmed by this Court. Furthermore, the petitioner in *Salter* provided the statements of three witnesses in support of his claim. *See id.* at 516 (¶8). Owens has not provided his own affidavit, much less that of a witness. This Court has held that "if a defendant alleges he was given erroneous advice by his attorney as to his eligibility for trusty earned time and that erroneous advice goes uncorrected, and he provides evidence other than his own statement[,] . . . he is entitled to an evidentiary hearing." *Sylvester v. State*, 113 So. 3d 618, 623 (¶19) (Miss. Ct. App. 2013). In affirming the denial of Owens's prior conviction, this Court found that "[t]he transcript from Owens's plea hearing clearly shows that he testified under oath that he had read and understood his guilty plea petition, which stated in pertinent part that the trial judge was not required to follow the sentencing recommendation of the State and could

12

sentence Owens to any term within the statutory limits." *Owens*, 996 So. 2d at 94 (¶32).

Thus any erroneous advice that Owens may have received was corrected during his plea

hearing. We find that the decision in *Salter* would not "have actually affected" the outcome

of Owens's conviction and sentence as required by section 99-39-5(2)(a)(ii) and section 99-

39-23(6).

¶20.    Finally, Owens claims that the United States Supreme Court's decision in *Missouri*

*v. Frye*, 132 S. Ct. 1399 (2012), is an intervening decision that would adversely affect the

outcome of his conviction or sentence. The issue in *Frye* was whether defense counsel has

an affirmative duty to communicate the terms of a formal offer to accept a plea on terms and

conditions that may result in a lesser sentence or a conviction on a lesser charge. *See id.* at

1408. There, the Supreme Court held that "[a]s a general rule, defense counsel has the duty

to communicate formal offers from the prosecution to accept a plea on terms and conditions

that may be favorable to the accused." *Id.* Owens's case does not involve Owens's counsel's

failure to communicate a formal offer from the State. Therefore, the holding in *Frye* would

have no impact on Owens's conviction and sentence.

¶21.    Owens has failed to demonstrate that his present petition for PCR is exempt from

either the three-year statute of limitations set forth in section 99-39-5, or the successive-writ

bar provided section 99-39-23. Accordingly, this issue is without merit, and the trial court's

denial of Owens's petition for PCR is affirmed.

¶22.    **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY
DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED.
ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

13

LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.