# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00726-COA

**CHARLES DOUGLAS OWENS II A/K/A**         **APPELLANT**
**CHARLES DOUGLAS OWENS A/K/A CHARLES**
**OWENS A/K/A CHARLES D. OWENS II**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2017 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHARLES DOUGLAS OWENS II (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/22/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1. The Harrison County Circuit Court denied Charles Douglas Owens's motions for post-conviction relief (PCR). Owens appeals, asserting that his motions are not time or successive-writ barred. We affirm the circuit's order and find the PCR motions were properly denied. Additionally, we render sanctions in the amount of $100 for the repetitive and frivolous filings of motions, to be paid before Owens may file any subsequent PCR motions in forma pauperis under section 47-5-76(1) of Mississippi Code Annotated (Rev. 2015).

## FACTS AND PROCEDURAL HISTORY

¶2.	Owens discussed his wages with his employer, Raleigh Richard Carter. The conversation became heated, and Owens hit Carter on the head with a hammer, shot Carter in the chest, then taped his hands and stole $1,400 from him. Carter, still living, managed to find help. Owens fled to Texas.

¶3.	The grand jury indicted Owens on charges of armed robbery and aggravated assault. He pled guilty in March 2003, and the Harrison County Circuit Court sentenced him to thirty years for armed robbery and ten years for aggravated assault in the custody of the Mississippi Department of Corrections (MDOC), with his sentences running consecutively.

¶4.	Owens then began filing PCR motions. Three have been denied by this Court. *Owens v. State*, 996 So. 2d 85 (Miss. Ct. App. 2008); *Owens v. State*, 17 So. 3d 628 (Miss. Ct. App. 2009); *Owens v. State*, 150 So. 3d 114 (Miss. Ct. App. 2014). His current appeal is from the denial by the Harrison County Circuit Court of two separate PCR motions. They are his sixth and seventh PCR motions.

¶5.	He argues that his motions are not time or successive-writ barred. We affirm the circuit court's denial of Owens's requests for PCR and sanction him for his repetitive filings.

## STANDARD OF REVIEW

¶6.	This Court reverses denials of requests for PCR only when we find the decision "clearly erroneous." *Duncan v. State*, 226 So. 3d 127, 129 (¶7) (Miss. Ct. App. 2017), *cert. dismissed*, 246 So. 3d 68 (Miss. 2018). But when issues of law are raised, this Court reviews those issues de novo. *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016), *reh'g denied* (Sept. 13, 2016). Our Code states that "[i]f it plainly appears from the face of the

2

motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). We will affirm the denial or dismissal of a PCR motion "if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Hughes v. State*, 106 So. 3d 836, 839 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶7. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion is only timely if the movant files within three years after entry of the judgment of conviction. *Smith v. State*, 118 So. 3d 180, 182 (¶7) (Miss. Ct. App. 2013) (citing *Watts v. State*, 97 So. 3d 722, 725 (¶7) (Miss. Ct. App. 2012)). The entry of the judgment of conviction was filed in March 2003. Well after three years, Owens filed these sixth and seventh PCR motions. Therefore, they are time barred.

¶8. The UPCCRA also bars successive PCR motions after court dismissal of a PCR motion. *Duncan*, 226 So. 3d at 129 (¶9). "Essentially, an appellant is granted one bite at the apple when requesting post-conviction relief." *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009). Owens has filed many PCR motions before, including three of which were denied by this Court. *Owens*, 996 So. 2d at 85; *Owens*, 17 So. 3d at 628; *Owens*, 150 So. 3d at 114. Therefore, this PCR motion is successive-writ barred.

¶9. However, our supreme court has noted that "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars . . . ." *Luckett v. State*, 582 So.

3

2d 428, 430 (Miss. 1991). But "the mere assertion of a constitutional right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation marks omitted) (quoting *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)). Owens makes two claims: (1) that his Sixth Amendment right was violated because he was forced to remain with his attorney; and (2) that he was denied due process at sentencing. We find that neither rises to the level of a fundamental constitutional right, and, therefore, he cannot overcome the time or successive-writ bars.

¶10.    Regarding the first claim, Owens argues the following:

> When Owens' appointed counsel moved to withdraw, the motion specifically requested that Owens be allowed to hire counsel of his own choosing. After convincing Owens that removing appointed counsel may waive his right to counsel and that he may not be allowed to have another attorney and after convincing Owens that no appeals court would help him if that happened, the trial court clearly told Owens, "I want you to understand you don't have the right to [retain] who you want."

Owens further asserts that he was "bullied and frightened by the judge into proceeding with said counsel, and subsequently left the courthouse a convicted felon." The transcript reveals that Owens consented to remain with his appointed counsel, and, as the circuit court concluded, he now "merely argues that he 'felt forced by the Court' to go forward with counsel." We take this, essentially, to be an involuntary-plea argument.

¶11.    "[O]nly four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Gaulden v. State*, 240 So. 3d 503, 507 (¶8) (Miss. Ct. App. 2018).

4

Involuntary pleas are not fundamental rights that can survive PCR procedural bars. Notwithstanding this, we have already determined that Owens failed to show that his plea was not voluntarily, intelligently, and knowingly given. As this Court has observed:

> The transcript from Owens's plea hearing clearly shows that he testified under oath that he had read and understood his guilty plea petition, which stated in pertinent part that the trial judge was not required to follow the sentencing recommendation of the State and could sentence Owens to any term within the statutory limits. The transcript also shows that Owens was told the maximum and minimum sentences that he could receive for the crimes with which he was charged. Owens affirmed to the trial judge that he was satisfied with the advice and counsel of his attorney. Importantly, the record shows that Owens was informed of his constitutional rights that he was waiving by pleading guilty. Owens told the trial court that he understood that he was waiving those rights. Owens signed the petition to plead guilty and told the trial court that he was in fact guilty of the two charges. We find that Owens has failed to carry his burden of proof to show that his plea was not voluntarily, intelligently, and knowingly given. This issue is without merit.

*Owens*, 996 So. 2d at 94 (¶32).

¶12.    Owens's second argument is that he was denied due process at sentencing. He claims that he "was led to believe the sentence would be 25 years, led to believe he'd be parole eligible, and frightened by the judge into not speaking up for himself as to why he was pleading guilty." The right to due process at sentencing is a fundamental right that can survive PCR procedural bars. *Gaulden*, 240 So. 3d at 507 (¶8). "[M]ere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Stokes*, 199 So. 3d at 749 (¶10). Owens has done nothing more than merely assert a violation.

¶13.    Notwithstanding this, yet again, this Court has already addressed his argument in our prior ruling:

> [I]n his March 20, 2003, pro se motion for reconsideration, Owens recognized

5

> that: "The Defendant's sentence . . . will require the Defendant to serve 100% of the same without eligibility for parole or early release because Mississippi law prohibits the eligibility of an individual convicted of armed robbery for parole and/or ERS." Accordingly, Owens knew from an early date that he was not eligible for parole. Having failed to include the issue in his earlier motion for post-conviction relief, Owens is procedurally barred from doing so now.

*Owens*, 17 So. 3d at 635 (¶19) (Miss. Ct. App. 2009).

¶14. We have addressed both of his arguments before, and neither rises to the level of a fundamental constitutional right. Neither, therefore, overcome the time or successive-writ bars. Thus, we find his claims without merit.

¶15. The State has asked this Court to sanction Owens "for continuing to file frivolous motions and appeals that have absolutely no basis in fact or law."

¶16. We may impose sanctions on pro se litigants for frivolous filings. *Walker v. State*, 35 So. 3d 555, 560 (¶21) (Miss. Ct. App. 2010). "An appeal is frivolous when, objectively speaking, the appellant has no hope of success." *McGriggs v. State*, 117 So. 3d 626, 629 (¶12) (Miss. Ct. App. 2012). It was apparent that Owens was time and successive-writ barred from moving for PCR. Furthermore, the issues he raises are issues that this Court has already addressed. Therefore, we render sanctions against Owens in the amount of $100 for the repetitive and frivolous filings of motions. We further adjudge that this amount must be paid before Owens may file any subsequent PCR motions in forma pauperis under section 47-5-67(1) of the Mississippi Code Annotated (Rev. 2015). *See Haynes v. State*, 174 So. 3d 953, 954 (¶3) (Miss. Ct. App. 2015) (citing court order sanctioning a pro se appellant $100 for frivolous filings). The Mississippi Supreme Court Clerk and MDOC are to make all necessary accommodations for the proper receipt of the sanctioned amount.

6

## CONCLUSION

¶17. We find that Owens's motions are time and successive-writ barred. Furthermore, we previously addressed his current fundamental-right arguments and continue to find that neither overcomes the time or successive-writ bars. Thus, we render sanctions in the amount of $100 for the repetitive and frivolous filings of motions to be paid before Owens may file any additional PCR motions in forma pauperis.

¶18. **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**